---

## In re ROSE.

### (District Court, N. D. Georgia. July 4, 1913.)

### No. 257.

1. SALES (§ 454*)—CONDITIONAL SALE—CONTRACT—NECESSITY OF RECORDING.

A contract between R. and H., reciting that, in consideration of extension of credit for shoes sold and hereafter to be sold by R. to H., the said R. retains the title to said shoes, and providing that H. may sell them at retail, and that R. may at any time enter the premises of H. and take all shoes sold by R., and that H. shall bear any loss by fire, and in the event of the return of the shoes shall pay 25 per cent. of the invoice price, as liquidated damages to R., is clearly one of conditional sale, required by the laws of Georgia to be recorded, to be valid as against subsequent lienors.

[Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 1324, 1325, 1333, 1334; Dec. Dig. § 454.*]

2. BANKRUPTCY (§ 152*)—LIEN OF TRUSTEE—DATE OF LIEN.

The time when one is adjudged a bankrupt, as of which date the trustee in bankruptcy, by provision of Bankr. Act July 1, 1898, c. 541, § 70, 30 Stat. 565 (U. S. Comp. St. 1901, p. 3451), takes title, is the date when the judgment lien given the trustee, by the amendment of that act by Act June 25, 1910, c. 412, 36 Stat. 838, accrues and attaches.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 194; Dec. Dig. § 152.*]

3. BANKRUPTCY (§ 152*) — CONDITIONAL SALES — BANKRUPTCY OF BUYER — RIGHTS OF SELLER AGAINST TRUSTEE.

Though a contract of conditional sale to a bankrupt is not recorded till the day after the bankruptcy case is filed, the rights of the seller thereunder may be superior to those of the trustee in bankruptcy under

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

his lien on the property, depending somewhat on the laws of the state as to recording such contracts.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 194; Dec. Dig. § 152.*]

In the matter of Harry Rose, bankrupt. On intervention of Rice & Hutchins. Heard on certificate of the referee. Referred back to referee.

Green & Michael and S. C. Upson, all of Athens, Ga., for interveners.

Smith, Hammond & Smith, of Atlanta, Ga., for trustee.

NEWMAN, District Judge. This case comes before the court on certificate of the referee. Rice & Hutchins filed an intervention in the bankruptcy proceeding of Harry Rose, asking to reclaim certain shoes which had gone from their wholesale store in Atlanta into certain stores operated by Harry Rose at Elberton, Ga., Calhoun Falls, S. C., and Seneca, S. C. The interveners claim that the goods were put in these stores on consignment.

The paper drawn up between Rice & Hutchins and the bankrupt is as follows:

"Georgia, Fulton County:

"This contract, made this the 14th day of March, 1911, between Rice & Hutchins, of said state and county, and Harry Rose, of Elbert county, said state, witnesseth: That in consideration of an extension of credit for shoes sold and hereafter to be sold by Rice & Hutchins to said Harry Rose, the said Rice & Hutchins hereby retain the title to all shoes now and hereafter sold to said Harry Rose, and hereby agree that said Harry Rose may sell any and all of said shoes at retail to bona fide retail customers; but it is agreed that no sale in bulk shall be made, and that said Rice & Hutchins may at any time enter the premises of said Harry Rose, and take possession of all shoes sold by them, either with or without process of law. It is further agreed that said Harry Rose shall bear any loss occasioned by fire, or loss or damage, and that, in the event of the return of said shoes, said Harry Rose shall pay 25 per cent. of the invoice price, as liquidated damages to said Rice & Hutchins. Witness my hand and seal."

The trustee for the bankrupt denied that the sales made under this paper were consignments, as claimed by the intervening firm, Rice & Hutchins, but that they were conditional sales, covered by a contract not recorded in Georgia at all, and not recorded in South Carolina until the day after the bankruptcy case was filed.

On the hearing before the referee he held that the goods could not be reclaimed. His opinion on the subject is as follows:

"This case really turns on a question of law, but in order to make a complete finding of fact as well as law, I hold that sufficient proof was adduced by the intervener to show to my satisfaction that shoes belonging to this creditor (should the contract have been one of consignment) were identified and set apart in the three stores of the bankrupt by a salesman of the creditor, to the amount of $823.00, to-wit:

| | |
|---|---|
| At Elberton, Ga., store | $308 40 |
| At Calhoun Falls, S. C. | 190 50 |
| At Seneca, S. C., store | 324 10 |
| Total | $823 00 |

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

"The parties had an attorney to draw their contract, and it is the foundation of the claim on which this reclamation is brought. It is contended now that this contract is ambiguous, and that it is incomplete, and does not fully set forth all the terms of the agreement; but I do not think that it is either incomplete nor ambiguous. It was, to my mind, a sale of the shoes, with retention of title thereto until paid. The paper was not recorded at all, in Georgia, and not recorded in South Carolina until the day after bankruptcy case was filed.

"That the creditor considered the instrument as one of conditional sale is evidenced clearly by having same probated and recorded in South Carolina, though too late to make it valid as against the trustee's title, which vested as of the date of the filing of the involuntary bankruptcy petition, a day previous to the proper recordation in South Carolina. Having held that the instrument is a paper evidencing that the shoes were sold on a conditional bill of sale, and that the same was not recorded, it follows that the trustee's claim is superior to that of the intervener.

"His honor, the judge of this District Court, has in a recent case of In re Farmers' Supply Co., 196 Fed. 990, 28 Am. Bankr. Rep. 535, ruled on a case involving the same point as in the instant case, and his decision was that, under the amendment of 1910 to section 47 of the Bankrupt Act, the trustee's title to goods sold under a conditional sale, and not recorded as provided by the Georgia statute, was superior to the lien of the vendor.

"It is accordingly ordered that the petition of Rice & Hutchins, Atlanta, Ga., to reclaim the shoes in question, be denied. It is further ordered that the claim of Rice & Hutchins be allowed as an unsecured debt for purpose of receiving dividends in the sum of $823."

[1] There was a prayer in the petition filed by the interveners stating that the contract as drawn between the intervener and Rose did not state the true intent of the parties, that the intention was to make it a paper providing for a consignment of goods merely, by Rice & Hutchins to Rose. The referee did not see his way to reform the contract, and I am not aware that a referee in bankruptcy has any power to reform a written contract. He might have the power, if he thought the evidence showed that it was the real intent of the parties that a consignment was to take place, to so hold under certain circumstances, but this does not appear to me to be such a case. That this is a contract of conditional sale by this firm is clear and unmistakable.

[2] Such being the case, it is necessary under the laws of Georgia that it should be recorded to be valid as against subsequent lienors. Under the amendment to the Bankruptcy Act of June 25, 1910, trustees in bankruptcy are given a lien, but it is an open question as to whether the date of this lien should be considered as of the time of the institution of the bankruptcy proceedings or the time of the adjudication.

As to the case in Georgia, however, the paper is not recorded at all, and the referee says that it will be seen that it was not recorded in South Carolina until the day after the bankruptcy case was filed. By section 70 of the Bankruptcy Act, the title of the trustee to the property of the bankrupt is as of the date he was adjudged a bankrupt. So, taking this provision of section 70 of the original act as to the time when title vests in the trustee, it would seem that this judgment lien given the trustee by the amendment of June 25, 1910, would accrue and attach as of the date the trustee takes title under the original act.

[3] It may be, therefore, that the record of this conditional sale in South Carolina antedated the rights of the trustee so far as the judg-

ment lien is concerned, depending somewhat upon the record statutes of South Carolina concerning the record of such papers. Clearly, then, according to the referee's report, as I understand it, as to the property in Georgia (that is, in the store at Elberton), the trustee's rights are superior to the rights of Rice & Hutchins, while in South Carolina it may be different, depending upon the laws of South Carolina.

The matter is referred back to the referee for further consideration and disposition as to the South Carolina property.