Petition of ROUSE.

In re OTTENWESS & HUXOLL.

(Circuit Court of Appeals, Sixth Circuit. November 11, 1913.)

No. 2,461.

BANKRUPTCY (§ 168*) — EFFECT ON PREFERENTIAL MORTGAGE — PRIORITY OF
CLAIMS.

The lien of a mortgage given by a bankrupt, which is voidable as a
preference under Bankr. Act July 1, 1898, c. 541, § 60b, 30 Stat. 562 (U.
S. Comp. St. 1901, p. 3446), as amended by Act June 25, 1910, c. 412, § 11,
36 Stat. 842 (U. S. Comp. St. Supp. 1911, p. 1506), is in effect made void-
able by the bankruptcy for all purposes, and it cannot give a creditor se-
cured thereby a right to priority over a prior mortgagee, who waived his
mortgage and filed as a general creditor, although under the state law, for
failure to record the prior mortgage, the second is entitled to priority.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 234; Dec.
Dig. § 168.*]

Petition for Revision of Proceedings of the District Court of the
United States for the Southern Division of the Western District of
Michigan; Clarence W. Sessions, Judge.

In the matter of Ottenwess & Huxoll, bankrupts. On petition of
Guy W. Rouse, mortgage trustee, to revise order of District Court.
Affirmed.

Hyde, Earl & Thornton and Wilson & Johnson, all of Grand Rapids,
Mich. (L. D. Averill, of Lansing, Mich., of counsel), for petitioner.

Martin H. Carmody, of Grand Rapids, Mich., for claimant Huxoll.

Fred P. Geib, of Grand Rapids, Mich., for trustee.

Before WARRINGTON and KNAPPEN, Circuit Judges, and SA-
TER, District Judge.

KNAPPEN, Circuit Judge. On February 1, 1909, Ottenwess &
Huxoll, copartners, on beginning business, gave to one Clemens Huxoll
a chattel mortgage upon their bakery plant and outfit in Grand Rapids,
Mich. The mortgage was not filed, as required by the Michigan stat-
ute, until November 30th following. On December 2, 1909, the firm
gave to Guy W. Rouse, as trustee, a mortgage upon the bakery prop-
erty, to secure ratably the claims of all creditors who had become such
between February 1st and November 30th. This naturally excluded
Clemens Huxoll. The trustee took immediate possession under his
mortgage. Five days later bankruptcy petition was filed against the
firm, and in due course adjudication was had. Clemens Huxoll waived
the lien of his mortgage (except as to the bankrupt's exemptions), and
was allowed a claim as general creditor for the amount of the mortgage
debt with interest. The District Court postponed his claim to that of
the other creditors.

On the review in this court the question of Clemens Huxoll's lien
upon the bankrupt's exemptions, as well as the effect of the trust mort-
gage, were expressly passed without consideration, because reserved
therefrom by the record then before us. It was here in effect held

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

that (unless by virtue of the trust mortgage) subsequent creditors had no actual lien upon the mortgaged property at the time bankruptcy occurred, and that therefore Clemens Huxoll was entitled to share ratably with the general creditors.[1] The question regarding the bankrupts' exemptions has since been disposed of, and is not before us.

The referee has found that the trust mortgage constituted a preference under the Bankruptcy Act. The District Judge took the same view, and this conclusion is not challenged here. The mortgage trustee, however, contended below and contends here that by virtue of his mortgage and possession thereunder, before and at the time of bankruptcy, he had, under the Michigan mortgage filing statute, a lien enforceable under the bankruptcy act, as prior to the claims of Clemens Huxoll, and that this prior lien was not avoided by the bankruptcy. The District Judge took the view that when the trust mortgage fell, because of its invalidity under the Bankruptcy Act, all liens founded upon it fell with it; and accordingly denied to the creditors secured by the trust mortgage priority over Huxoll. The correctness of this conclusion is the only question presented for review.

We think the District Court was clearly right. Section 60b of the Bankruptcy Act declares that a preferential transfer by the bankrupt while insolvent, made within four months before bankruptcy proceedings, and received with reasonable cause to believe a preference intended, "shall be voidable by the trustee and he may recover the property or its value from such person." True, this section does not, as does section 67f, which relates to levies obtained by legal proceedings against an insolvent within four months of bankruptcy, declare in terms that the lien should be discharged; but such discharge is plainly and necessarily implied in the quoted declaration of section 60b. As well said by the District Judge:

"The lien of a preferential mortgage is as much within the ban of the Bankruptcy Act as are liens obtained by attachment, garnishment, or legal proceedings."

In Re Martin, 201 Fed. 37, 119 C. C. A. 363, Judge Warrington, speaking for this court, impliedly put preferential conveyances in the same class in this regard as liens obtained through legal proceedings. While the effect of a preferential transfer under section 60b of the act was not there involved, the language there used expresses our understanding of the rule applicable to such cases as well.[2] The doctrine that the bankruptcy trustee "stands in the shoes of the bankrupt" has no application to transactions which the trustee is, by the express terms of the act, authorized to avoid.

The mortgagee trustee, however, insists that, inasmuch as by the Michigan filing statute[3] his mortgage was given priority over the

[1] In re Huxoll, 193 Fed. 851, 857, 113 C. C. A. 637.

[2] See, also, in this connection, In re Huxoll, 193 Fed. 851, 855, 113 C. C. A. 637; In re Martin, 193 Fed. 841, 113 C. C. A. 627; Henderson v. Mayer, 225 U. S. 631, 636, 32 Sup. Ct. 699, 56 L. Ed. 1233.

[3] Comp. Laws Mich. 1897, § 9523, as amended by Act No. 332 of the Public Acts of 1907.

earlier unrecorded mortgage to Huxoll, this priority must be recognized in the bankruptcy courts, by virtue of section 64b5 of the act, which gives priority in distribution to "debts owing to any person who, by the laws of the state or of the United States, is entitled to priority"; the argument being that the filing statute is not a "general insolvency law," and so is not repealed by the bankruptcy act.[4] It is true that the Michigan mortgage filing statute is not a general insolvency law, and that it is not repealed by the Bankruptcy Act, and further, as applied to a mortgage not under the ban of the bankruptcy statute, the priority given by the state filing statute would be respected by the bankruptcy courts. But it is an unthinkable proposition that an instrument declared wholly voidable by the express terms of the act should yet be, through the operation of the state filing statute, accorded a prior lien. The argument of inconsistency between this conclusion and our former decision rests upon a misapprehension of our former opinion, which, as already stated, took no account of the trust mortgage. Moreover, as the giving of the trust mortgage was, under section 3a2, an act of bankruptcy, the natural construction of that section is that the mortgage is "avoided as a whole when the trustee takes the goods." [5]

We are not impressed with the contention that the equities of the case demand a reversal of the District Court's order. The mortgage to Huxoll secured him alone; that to the trustee excluded him. There is no claim of fraudulent intent in delaying the filing of Huxoll's mortgage, nor was there any wrong in taking the trust mortgage. The lien of the Huxoll mortgage was discharged because it violated the public policy of the state, as embodied in its mortgage filing statute; the lien of the trust mortgage is held invalid because, as a preferential transfer within the four-months period, it contravenes the national policy, as embodied in the Bankruptcy Act. Huxoll thus loses his preference over subsequent creditors, and the latter are equally denied priority over Huxoll; but both he and they are recognized as creditors, and share ratably.

The order complained of is affirmed, with costs.

[4] For illustrations of the application of section 64b (5), see In re Jones (D. C.) 151 Fed. 108; In re Bennett (C. C. A. 6th Circuit) 153 Fed. 673, 82 C. C. A. 531; Henderson v. Mayer, supra, 225 U. S. 631, 637, 32 Sup. Ct. 699, 56 L. Ed. 1233.

[5] Randolph v. Scruggs, 190 U. S. 538, 23 Sup. Ct. 710, 47 L. Ed. 1165, where the above-quoted language was used in holding that no lien existed under a common-law assignment declared an act of bankruptcy by another subdivision of the same section 3a.