POTTER MFG. CO. v. ARTHUR.

In re FIDLER & BROCK.

(Circuit Court of Appeals, Sixth Circuit. March 2, 1915.)

No. 2670.

1. SALES ⏄451—CONDITIONAL SALES—NECESSITY OF RECORDING—LAW GOVERNING.

Where a machine sold and delivered f. o. b. Indianapolis, with a reservation of title in the seller until paid for, was simultaneously with the completed delivery shipped by the seller to the buyer in Ohio, where it remained until the buyer became bankrupt, the necessity of recording the contract was not governed by the Indiana Laws, but by Gen. Code Ohio, § 8568, providing that such a reservation of title shall be void as to subsequent purchasers and mortgagees in good faith and creditors, unless the contract is recorded, since, where the parties to such a contract contemplate that the property is to go at once and before any use by the buyer into another state, and there remain quasi permanently, the law of the situs thus given to the property will control, especially as title did not pass, notwithstanding the completed delivery.

[Ed. Note—For other cases, see Sales, Cent. Dig. § 1323; Dec. Dig. ⏄451.]

2. BANKRUPTCY ⏄140—PROPERTY PASSING TO TRUSTEE—CONDITIONAL SALES.

Though, under Gen. Code Ohio, § 8568, an unrecorded contract of conditional sale is invalid only as against those creditors who, for themselves or by representation, fasten a lien upon the property in aid of their claims, where, when a petition in bankruptcy was filed, creditors had a right to fasten on the property a lien which would prevail against the seller, such right passed to the trustee, under Bankr. Act July 1, 1898, c. 541, § 47a (2), 30 Stat. 557, as amended by Act June 25, 1910, c. 412, § 8, 36 Stat. 840 (Comp. St. 1913, § 9631), providing that the trustee, as to all property in the custody of the bankruptcy court, shall be deemed vested with all the rights, remedies, and powers of a creditor holding a lien by legal or equitable proceedings, and he might assert the rights which any creditor would have had against the property, if such creditor, at the date of the filing of the petition, had been holding an execution levy.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 198, 199, 219, 225; Dec. Dig. ⏄140.]

⏄For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

3. BANKRUPTCY ⬖303—RECLAIMING POSSESSION OF PROPERTY FROM TRUSTEE —BURDEN OF PROOF.
  A party seeking to recover from a trustee in bankruptcy the possession of property sold to the bankrupt conditionally by an unrecorded contract, void as to subsequent creditors, had the burden of showing that creditors represented by the trustee became such prior to the purchase of the property and that the claims of subsequent creditors would not exhaust the property.
  [Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 458–462; Dec. Dig. ⬖303.]

4. SALES ⬖472—CONDITIONAL SALES—FAILURE TO RECORD.
  Where a conditional sale contract was by law required to be recorded, a notice, attached to the machine sold, that it remained the property of the seller, was ineffective.
  [Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 1366–1376; Dec. Dig. ⬖472.
  What constitutes a contract of conditional sale, see note to Dunlop v. Mercer, 86 C. C. A. 448.]

Appeal from the District Court of the United States for the Western Division of the Southern District of Ohio; Howard C. Hollister, Judge.

Petition by the Potter Manufacturing Company to require the delivery of property to it by Edwin L. Arthur, trustee in bankruptcy of Fidler & Brock, bankrupts. From an order in favor of the trustee, the petitioner appeals. Affirmed.

P. V. Connolly, of Cincinnati, Ohio, for appellant.
W. W. Keifer, of Springfield, Ohio, for appellee.

Before KNAPPEN and DENISON, Circuit Judges, and SATER, District Judge.

DENISON, Circuit Judge. Fidler &· Brock, bankrupts, resided in Springfield, Ohio, and as contractors were engaged in construction work at Troy, Ohio. In August, 1913, they went to Indianapolis, Ind., and arranged to purchase from the Potter Company a trench excavating machine. The written contract, signed by both parties, showed that the delivery was to be f. o. b. Indianapolis, and that part of the price was to be paid in five installments each alternate month, as evidenced by five promissory notes, and provided "that full title to said property shall remain in the said Potter Manufacturing Company until payment in full has been made," and that, upon default in payment, the vendor might retake the property. The machine was taken to Troy and there remained. Upon the adjudication in bankruptcy, part of the purchase price remained unpaid, and the Potter Company filed a petition asking that the trustee in bankruptcy be ordered to surrender the machine. From the order of the District Court, holding that the trustee's title was good as against the attempted reclamation, the Potter Company brings this appeal.

The Ohio statute (section 8568, Gen. Code) provides that the reservation of title in such a contract "shall be void as to all subsequent purchasers and mortgagees in good faith and creditors, unless" the contract is recorded in the county of the vendee's residence. There is

no statute in Indiana requiring such recording. This contract was not recorded anywhere.

[1] 1. We think the law of Ohio, not of Indiana, controls as to the necessity for recording. Ordinarily, by reason of the completed delivery in Indiana, title would have passed in that state, and it might be argued that the effect of recording laws, as to contracts passing title in Indiana, would be determined by the rule of that state; but here title did not pass upon delivery, and part, at least, of the basis of this argument disappears. Aside from that consideration, we regard it as the established rule that where the parties to such a contract at the time contemplate that the property is to go at once, and before any use by the vendee, into another state, and there remain quasi permanently, the law of the situs thus given to the property will control the application of a recording statute. This machine was capable of being moved from place to place, and in the natural course of events might sometime or other be taken by the vendees into different states; but it is a stipulated fact that simultaneously with the completed delivery at Indianapolis, the vendor, by direction of the vendees, and acting for them, shipped the machine to the place in Ohio where it remained continuously until the bankruptcy. As against the necessary inference that a present and continuing location in Ohio was contemplated by both parties, there is nothing; and this inference must therefore be treated as a fact. This fact clearly makes a material difference between this case and one where the personal property to be sold was not intended to have more than a casual or temporary abiding place in any particular state.

That under such circumstances, the law of the state where the property is located in this quasi permanent manner furnishes the controlling rule upon the subject of recording, was held by this court, without extended discussion, in Title Guaranty Co. v. Witmire, 195 Fed. 41, 43, 115 C. C. A. 43; and if the question were open in this court, it would be ruled, and with the same result, by Hervey v. Locomotive Works, 93 U. S. 664, 671, 23 L. Ed. 1003. The contract there involved pertained to a locomotive, and it was made in Rhode Island, where the locomotive was then situated. It contemplated that the property should be taken to Illinois. This was done, and the Supreme Court held that the title reservation in the contract was invalid as against an Illinois levying creditor, and was so invalid for the reason that the Illinois law required recording. It is true that the location of the excavating machine in Ohio was somewhat less likely to be entirely permanent than was the location of the locomotive in Illinois; but this is a difference which we cannot think material. Indeed, appellant's counsel perhaps do not seriously question the applicability of the Ohio law to this case, except as they insist that the Hervey Case has been overruled by Bank v. Bank, 203 U. S. 296, 27 Sup. Ct. 79, 51 L. Ed. 192. We cannot so interpret the latter decision. The property there involved had been removed from one state to another before the suit was commenced, but the contest was between two mortgagees, and both mortgages had been given, and all the rights involved in the controversy had become fixed, while the property was in the former state.

It was clear that these rights must be determined by that law, as was held; and the applicability of the law of the second state was in no way considered.

It is said that in such a situation the Ohio courts apply the law of the place of the contract, and Boyer v. Knowlton, 85 Ohio St. 104, 97 N. E. 137, 38 L. R. A. (N. S.) 224, is cited. We find nothing in this case to support the contention. Goods were sold in New York to be brought to Ohio for retail sale. They were of a much more fugitive character than the machinery here involved, yet the law of Ohio was applied, and the local creditor with an execution lien prevailed over a reservation of title contained in a New York sale contract. There is, in the opinion in that case, nothing to indicate that the property, when the contract was made, had acquired any situs in Ohio, excepting by the contract, which contemplated that it was to be shipped to that state. See, also, cases cited in Powder Co. v. Jones (D. C.) 200 Fed. 638, 645, 646.

[2, 3] 2. It is the accepted construction of this statute in Ohio that such an unrecorded contract is not invalid as against creditors generally, but only as against those who, for themselves or by representation, fasten a lien upon the property in aid of their claims. See York v. Cassell, 201 U. S. 344, 26 Sup. Ct. 481, 50 L. Ed. 782. So far as the language of the statute goes, the priority which it gives to creditors may well be confined to those who gave credit subsequently to the conditional sale (Crucible Co. v. Holt [C. C. A. 6] 174 Fed. 127, 98 C. C. A. 101, affirmed Holt v. Crucible Steel Co. of America, 224 U. S. 262, 32 Sup. Ct. 414, 56 L. Ed. 756; In re Riehl [D. C.] 200 Fed. 455); though the contrary as to Ohio seems to have been taken for granted by this court (Foerstner v. Citizens' Co., 186 Fed. 1, 108 C. C. A. 267; Cincinnati Co. v. Degnan, 184 Fed. 834, 842, 107 C. C. A. 158). However that might be, there is nothing in this record to show that any creditors now represented by the trustee became creditors before the bankrupts procured the machine, and so nothing to raise the question whether such creditors are excluded from the effect of the statute. If this question was material, the burden was on the vendor, under these circumstances, to show that such creditors existed, and to show that the claims of subsequent creditors, if levied, and which would then pass to the trustee for the benefit of all creditors (In re Martin [C. C. A. 6] 193 Fed. 841, 848, 113 C. C. A. 627) would not exhaust the property. We therefore assume that creditors, with claims equal to the value of the machine, had, on the date of filing the petition in bankruptcy, the right to fasten on the property a lien which, under the Ohio law, would prevail against the contract vendor.

3. Under the rule of York v. Cassell, supra, this superior right did not pass to the trustee in bankruptcy, but he stood in the shoes of the bankrupt. This rule has been changed by the amendment of June 25, 1910, to section 47a (2), providing that as to property "in custody" the trustee "shall be deemed vested with all the rights, remedies and powers of a creditor holding a lien by legal or equitable proceedings"; and, of course, the nature and extent of these "rights, remedies and powers" must be determined by the law of the state, where

not inconsistent with the Bankruptcy Act. There is general agreement that the amendment of 1910 was made with the very purpose of changing the rule declared in York v. Cassell (Remington, vol. 3, §§ 1137 and 1212½; Loveland [4th Ed.] vol. 1, p. 767); and we think it clear that such was the effect, and that the trustee stands in the place of each creditor, and may assert the rights which any creditor would have had against the property "in custody," if that creditor, at the date of filing the petition in bankruptcy had been holding an execution levy. See Massachusetts Co. v. Kemper, 220 Fed. infra, 136 C. C. A. 593 (opinion filed to-day). It cannot be said that the intent of the amendment was only to put the trustee in the position of a creditor who had, in fact, obtained a lien, because that was the law before the amendment. See section 67f, and In re Martin, supra, Foerstner v. Citizens' Co., supra, and In re Rouse, 208 Fed. 881, 126 C. C. A. 90.

[4] 4. Since the conditional sale contract was, by law, required to be recorded, the notice attached to the machine that it remained the property of the vendor was ineffective against the trustee. Cincinnati Co. v. Degnan, supra.

The order of the court below is affirmed, with costs.