BELL v. SHAW et al.

In re COOPER.

(Circuit Court of Appeals, Eighth Circuit. February 24, 1916.)

No. 160.

1. BANKRUPTCY ⬤══188(1)—LIENS—VALIDITY AS AGAINST TRUSTEE.

Under Bankruptcy Act July 1, 1898, c. 541, § 47, 30 Stat. 557, as amended by Act June 25, 1910, c. 412, § 8, 36 Stat. 840 (Comp. St. 1913, § 9631), providing that the trustee, as to all property in the custody or coming into the custody of the bankruptcy court, shall be deemed vested with all the rights, remedies, and powers of a creditor holding a lien by legal or equitable proceedings, the oral reservation of a lien upon the sale of a stock of goods for the amount of an indebtedness which the buyer agreed to assume was not good against a trustee in bankruptcy of the buyer, since it could not

---

⬤══For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

have been maintained against a levying creditor and the trustee occupied the same position.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 286–289, 291, 293, 294; Dec. Dig. ⊜188(1).]

2. SALES ⊜303—BILL OF SALE—RESERVATION OF LIEN.

A bill of sale granting and conveying a stock of goods and fixtures in consideration of $12,700, the receipt whereof was thereby acknowledged, subject, however, to a note for $3,500, payable to S., which note the grantee thereby assumed and agreed to pay, did not retain a lien on the property for the payment of the note, but merely evidenced an assumption by the grantee of the grantor's indebtedness to S. as a part of the consideration of the sale.

[Ed. Note.—For other cases, see Sales, Cent. Dig. § 859; Dec. Dig. ⊜303.]

Petition to Revise Order of the District Court of the United States for the Southern District of Iowa; Martin J. Wade, Judge.

In the matter of William D. Cooper, bankrupt. A petition by Patrick H. Bell, claiming a preferential lien on certain property, opposed by Don B. Shaw, trustee, and others, was dismissed, and the petitioner files a petition to revise. Petition denied.

This is a petition to revise an order dismissing the petition of the petitioner claiming a preferential lien on a stock of drugs, and fixtures, for the sum of $3,500.

The facts as they appear from the record are: That on February 14, 1914, the petitioner sold to the bankrupt a drug store and fixtures for the sum of $16,200, and executed a bill of sale therefor, which was duly filed for record in the office of the recorder for the county where the property was situated, on February 18, 1914.

The bill of sale, which was executed by the petitioner, recites that in consideration of the sum of $12,700 paid to him by W. D. Cooper (receipt whereof is hereby acknowledged) has bargained and sold, and by these presents grants and conveys unto the said W. D. Cooper, the following described goods and chattels.

The bill of sale then describes the drug store and articles sold by him, and contains the following clause: "Subject, however, to a certain promissory note of $3,500.00, dated December 18, 1912, payable to V. W. Sylvester, which said note grantee assumes and agrees to pay." There is nothing in the record to indicate that the Sylvester note was a lien on any of the property.

The bill of sale also contains a covenant to warrant and defend the title against all persons whosoever, "and that said personal property is free and clear of all liens and incumbrances, except as above stated."

On December 30, 1914, William D. Cooper, petitioner's vendee, filed his petition of voluntary bankruptcy, and on the same day was adjudicated a bankrupt, and the respondent D. B. Shaw was in due time elected as trustee of the bankrupt estate, and qualified as such.

On February 10, 1915, the petitioner filed his claim with the referee in bankruptcy, to whom the case had been referred, setting up the facts of the sale as hereinbefore recited; that it had been prepared by the cashier of the People's National Bank of Perry, Iowa, one of the respondents herein, and that, at the time the bill of sale was prepared and executed, the bankrupt and the petitioner Bell agreed that the $3,500 due to Sylvester, and which was assumed by the bankrupt as a part of the consideration of his purchase, was to be a lien upon the personal property transferred; that the cashier of the bank and the bank had actual notice of the creation of the lien; and that, when the People's National Bank obtained the mortgage from Cooper upon the same property, it was agreed by the bank that its mortgage was to be junior to the lien for $3,500 created and retained by Bell; that the mortgage to the People's National Bank also included other property, in addition to the

stock of merchandise sold by the petitioner Bell; that, after the execution of the bill of sale, possession of the stock of goods was delivered to the bankrupt; and that, at the time the petition in bankruptcy was filed, the bankrupt still had in his possession, of the goods, wares, and merchandise sold to him by Bell, more than sufficient to pay the $3,500 payable to Sylvester.

The prayer of the petition was that the note for $3,500, with interest, be declared a lien on the goods sold by Bell, prior, superior and paramount to the claims of the creditors of Cooper and the bank.

The respondent trustee in bankruptcy filed a motion to dismiss the petition, in the nature of a demurrer, upon the ground that the bill of sale does not provide for any lien, and if there was any oral agreement it would be of no effect as against the trustee in bankruptcy.

On the same day the People's National Bank also filed its claim for $9,200 as a preferential claim, by reason of the mortgage it held on the property in controversy, as well as on some real estate conveyed by the mortgage.

The petitioner filed objections to the allowance of the bank's claim, so far as it claimed a lien on the stock of drugs, etc., which it claimed was subject to his lien.

The referee dismissed the petition of the petitioner to have his claim allowed as a lien upon the goods, but allowed it as an unsecured claim, and also overruled his objections to the claim for priority over the bank; sustaining the claim of the bank as a lien against the stock of goods.

Upon a petition for review, the learned trial judge, in an able opinion, approved the ruling of the referee in bankruptcy that the petitioner Bell had no lien which is superior to the rights of the trustee in bankruptcy, but reversed the ruling of the referee as to the claim of the petitioner that the bank's claim was entitled to priority on the stock of merchandise, and further held that the lien claimed by the petitioner Bell, on the stock of goods, was superior to the lien of the bank.

The petitioner now files this petition to review the order of the court, disallowing his claim to priority against the trustee in bankruptcy.

Oscar Strauss, of Des Moines, Iowa (James C. Hume, of Des Moines, Iowa, of counsel), for petitioner.

Charles L. Snyder, of Des Moines, Iowa (E. J. Kelly, of Des Moines, Iowa, of counsel), for respondent trustee in bankruptcy.

Before SANBORN and CARLAND, Circuit Judges, and TRIEBER, District Judge.

TRIEBER, District Judge (after stating the facts as above). In this proceeding the bank does not complain of the order of the court so far as it affects its rights, the petitioner Bell alone filing this petition to revise. Therefore the only question to be determined is whether, upon the facts hereinbefore set out, the trial court erred in disallowing the petitioner's claim of a lien on the stock of goods and fixtures sold by him to the bankrupt.

The parties having reduced their contract of sale to writing, it is at best doubtful whether oral testimony to vary it, by adding other agreements thereto, is admissible (Bunday v. Huntington; 224 Fed. 847, 140 C. C. A. 415), especially when the rights of third parties, either purchasers or creditors, who have obtained a lien on the property by reason of a levy, or seizure under process, are to be affected.

[1] By the amendment of 1910 to section 47 of the Bankruptcy Act, the trustee, "as to all the property in the custody or coming into the custody of the bankruptcy court, shall be deemed vested with all the rights, remedies, and powers of a creditor holding a lien by legal or equitable proceeding thereon."

[2] But it is claimed on behalf of the petitioner that, excluding the oral proofs, the clause in the bill of sale, "subject, however, to a certain promissory note of $3,500, dated December 18, 1912, payable to V. W. Sylvester, which note said grantee assumes and agrees to pay," is in effect a retention of a lien on the property for the payment of that note, and the bill of sale having been recorded was notice to the world.

We fully agree with the learned trial judge that no such effect can be given to this clause of the bill of sale. Considering the entire instrument, it is impossible to reach any other conclusion than that the consideration of the sale was $16,200, of which $12,700 was paid to the petitioner by his vendee, and that the balance of the consideration, amounting to $3,500, was the assumption of Mr. Bell's indebtedness to Sylvester, by his vendee.

As stated by the learned trial judge in his opinion:

"If it was the intention, when the sale was made to Cooper, that the bill of sale should give to Bell a lien or mortgage, the parties would have found language with which to describe it, so that the intention would be clearly apparent."

A mere recitation that a part of the purchase money for personalty remains unpaid is insufficient to create a lien. Jones on Liens (3d Ed.) § 1110.

There can be no doubt but that, if a levy had been made upon this stock of goods under a judgment, the petitioner's claim could not have been maintained against such a levy. As the trustee occupies the same position such a creditor would have occupied, the result must be the same. Potter Mfg. Co. v. Arthur, 220 Fed. 843, 136 C. C. A. 589.

The petition to revise must be denied.