In re SCHILLING et al.

(District Court, N. D. Ohio, E. D.   July 9, 1918.)

No. 6510.

1. CHATTEL MORTGAGES ⬅34—WHAT CONSTITUTES.
   Where an execution creditor, instead of compelling a sale, accepted a bill of sale as security, so as to give the debtor time, the bill of sale must be treated as a chattel mortgage.

2. BANKRUPTCY ⬅184(1)—RIGHT OF MORTGAGEE.
   Under Gen. Code Ohio, § 8560, a chattel mortgage is void as against the mortgagor's trustee in bankruptcy, unless it is filed for record or possession be taken by the mortgagee prior to the date of the filing of the petition in bankruptcy.

3. CHATTEL MORTGAGES ⬅198—VALIDITY—DELIVERY OF POSSESSION.
   Under Gen. Code Ohio, § 8560, declaring chattel mortgages void for failure to record only when not accompanied by an immediate delivery and followed by an actual and continued change of possession, immediate delivery or possession is not indispensable to the validity of mortgages as between the parties, and the title of the mortgagee is superior to creditors and subsequent purchasers, if he takes possession at any time before the creditor, etc., has fixed a lien on the property.

4. BANKRUPTCY ⬅152—TRUSTEES—RIGHTS.
   Under Bankruptcy Act July 1, 1898, § 47a (2), as amended by Act June 25, 1910, § 8 (Comp. St. 1916, § 9631) a trustee in bankruptcy has the rights of a creditor obtaining a lien by legal process, etc., as and of the date of the filing of the petition in bankruptcy.

5. BANKRUPTCY ⬅342½—REFEREES—FINDINGS.
   A referee's findings of fact should and will always be upheld, unless plainly against the evidence.

6. BANKRUPTCY ⬅340—CHATTEL MORTGAGEE—POSSESSION—EVIDENCE.
   Where a chattel mortgagee of an Ohio bankrupt asserted the lien of its mortgage was superior to the rights of the trustee, evidence held to show that the mortgagee went into possession of the mortgaged property, etc., before the filing of the petition in bankruptcy.

7. BANKRUPTCY ⬅342—PRIORITIES—RIGHT OF TRUSTEE.
   Where a trustee in bankruptcy attacked a chattel mortgage on the ground that it was invalid, under Bankruptcy Act July 1, 1898, § 67a (Comp. St. 1916, § 9651), but it appeared that though the mortgage was for a past consideration, it was not invalid, the mortgagee having gone into possession before bankruptcy, held, the referee's order sustaining the attack on the mortgage being reversed, the proceedings will not be remanded, to ascertain whether the mortgage was preferential; the evidence indicating the mortgage was not voidable on that ground.

In Bankruptcy.  In the matter of the bankruptcy of Chandler Schilling and W. H. Loller, doing business as the Schilling Construction Company.  On petition to review an order of the referee denying the claim of W. E. N. Hemperly to a lien.  Referee's order reversed and set aside.

McKain & Ohl, of Youngstown, Ohio, for trustee.

Wilson & Wilson, of Youngstown, Ohio, for bankrupt and surety company.

W. E. N. Hemperly, of Massilon, Ohio, for Merchants' Nat. Bank of Massillon.

⬅For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

WESTENHAVER, District Judge. Chandler Schilling and W. H. Loller, doing business as the Schilling Construction Company, were adjudicated bankrupts February 28, 1918, on an involuntary petition filed against them December 29, 1917. When this petition was filed, and for many months prior thereto, the partnership had been engaged in constructing a public highway known as the Cairo-Hartville road, under a contract with the board of county commissioners of Stark county, Ohio. Prior to November 26, 1917, certain equipment and materials acquired and assembled by them on and along the construction work then in progress for the purpose of performing the same was levied upon under an execution on a judgment obtained against them by the Merchants' National Bank of Massillon, Ohio. The property thus levied on was advertised for sale on November 26, 1917, and on this date, in order to avoid the sacrifice likely to result from such a sale, a bill of sale was executed by them to W. E. N. Hemperly, as trustee for the bank, of the property thus levied upon and advertised for sale.

This bill of sale recites the execution and levy thereof, describes the property seized, and purports to assign and transfer this property to the trustee, and further provides that the trustee shall hold it for a period of 60 days as security for the payment of the bank's judgment, at the end of which time, if this judgment and costs are not paid, the trustee is authorized to make sale of the property. This bill of sale was not filed for record. The referee, upon application by the trustee for an order to sell the bankrupt's personal property, including that transferred by this bill of sale, and to marshal liens thereon, has held that this bill of sale is void as to the trustee in bankruptcy, because it is in legal effect a chattel mortgage, and was not filed for record, and because possession thereof was not taken by the transferee or mortgagee prior to the filing of the petition in bankruptcy, and thereupon made an order directing this property now in dispute to be sold by the trustee for the benefit of the general creditors of the estate. This petition is filed by W. E. N. Hemperly to review this finding and judgment.

[1-4] It is settled law that this bill of sale, being intended as a security only for the debt due the Merchants' National Bank, is a chattel mortgage, and also that it is void as against the trustee in bankruptcy, unless filed for record, or unless possession was taken by the mortgagee prior to the date of the filing of the petition in bankruptcy upon which adjudication was eventually had. Section 8560, General Code; Potter Mfg. Co. v. Arthur (6 C. C. A.) 220 Fed. 843, 136 C. C. A. 589, Ann. Cas. 1916A, 1268; Massachusetts Bonding & Insurance Co. v. Kemper (6 C. C. A.) 220 Fed. 847, 136 C. C. A. 593; Fairbanks Shovel Co. v. Wills, 240 U. S. 642, 36 Sup. Ct. 466, 60 L. Ed. 841; Title Guaranty & Surety Co. v. Witmire (6 C. C. A.) 195 Fed. 41, 115 C. C. A. 43. It is conceded that this chattel mortgage was not filed for record, but it is contended that possession was taken by W. E. N. Hemperly prior to the filing of the petition in bankruptcy, and that therefore for this reason the finding and judgment of the referee is erroneous and should be reversed.

Section 8560, General Code, declares chattel mortgages to be void for failure to record only when "not accompanied by an immediate

delivery, and followed by actual and continued change of possession of the things mortgaged." This is a very old section of the Ohio Code, and has been frequently construed by the Supreme Court of the state. It has been settled by these decisions that an immediate delivery or possession is not indispensable to the validity of a chattel mortgage as between the parties thereto, and that the title of the mortgagee is superior to creditors and subsequent purchasers, if the mortgagee takes possession at any time before a creditor has fixed a lien thereon by levy of an attachment or execution. Wilson v. Leslie, 20 Ohio, 161; Boyer v. Knowlton Co., 85 Ohio St. 104, 97 N. E. 137, 38 L. R. A. (N. S.) 224. A trustee in bankruptcy, since the amendment to the Bankruptcy Act of June 25, 1910 (Act July 1, 1898, c. 541, § 47a(2), 30 Stat. 557, as amended by Act June 25, 1910, c. 412, § 8, 36 Stat. 840 [Comp. St. 1916, § 9631]), now stands in the relation of a creditor having obtained a lien, as defined in these authorities, as and of the date of filing of the petition in bankruptcy. Fairbanks Shovel Co. v. Wills, 240 U. S. 642, 36 Sup. Ct. 466, 60 L. Ed. 841; Potter Mfg. Co. v. Arthur (6 C. C. A.) 220 Fed. 843, 136 C. C. A. 589, Ann. Cas. 1916A, 1268.

[5, 6] The question here, then, is whether or not the referee's finding that possession was not taken is supported by the evidence. The only testimony bearing on this finding is that of W. E. N. Hemperly and H. E. Warren. This shows that the property transferred by the bill of sale had been previously seized by the sheriff and advertised for sale. The presumption may be indulged, in the absence of any contrary showing, that the sheriff had done his duty, and had, when levying on this property, taken possession of it. Hemperly says that, as soon as the bill of sale was executed, the sheriff was asked to withhold the property thus levied on from sale, which the sheriff did, and that Hemperly, as trustee, thereupon took possession of this property and thereafter held the same; also that he notified immediately in writing a Mr. Young, then and for some time prior thereto an employé of the bankrupt, having charge of some part of the construction work. This written notification is not produced by Mr. Hemperly. A notification, dated November 26, 1917, addressed to Mr. Young, is produced in connection with the testimony of Mr. Warren. This notice is not signed by any one, and the inference from Mr. Warren's testimony is that it was signed by him. This discrepancy between the testimony of Mr. Hemperly and of Mr. Warren cannot be cleared up from the record. If, however, it was in fact signed by Mr. Warren and mailed by him, Mr. Hemperly was evidently a party thereto and is entitled to the benefit thereof. This notice recites that certain property therein described was already in Young's possession for the sheriff of Stark county, and directs him to take charge of it and continue to hold it for the trustee. Permission is therein given Mr. Young to make use of the equipment not perishable, nor likely to be materially depreciated in value by such use in further performance of the construction work, provided it is properly understood that the Schilling Construction Company does not have possession nor title thereto, and that such use is by sufferance only. Young is also directed to furnish an inventory

of the property subject to the bill of sale, and to advise of its condition and where he has placed it. Mr. Warren further testifies that at this time the sheriff had a chain on the road roller, and that the other stuff, meaning evidently the property described in the bill of sale, was in a field near by; that Young had the pipe all wrapped up and set on racks; that the curbing forms he also had set up on racks; that the concrete mixer he had drained the water out of, and had placed all in a lot or field near by. "All" evidently refers to the property on which the sheriff had levied, and which was transferred by the bill of sale.

Mr. Hemperly further states that after the bill of sale was executed Mr. Young, acting on instructions received from him, took possession of the property described therein and located it as nearly as possible all in one place, and then covered it; removed the pump from the water, drained it, and moved it over onto a farm; that the cement curb forms were wrapped up and moved to one place by the roadside; that the concrete mixer and car unloader were drained and cleaned and placed on a farm near the road. The name of the owner of this farm is also given by him. Mr. Young, he further says, looked after this property for him and under his instructions until the 26th of February, 1918; that Young called to see him at different times, and reported to him what he had been doing and how the property had been taken care of; that on February 26, 1918, he took the key from Young, paid him his bill for his services, and then placed a man by the name of Charles E. Lehr in charge of the property, with similar instructions to let no one make use of the material in his charge until he (Hemperly) had given orders to that effect.

There is in the record no other or countervailing testimony. A referee's findings of fact should and will always be upheld, unless plainly against the evidence; but, notwithstanding this rule, I am of opinion that the referee's finding that possession was not taken by the mortgagee until after the filing of the petition in bankruptcy is contrary to the evidence and must be reversed. Evidence much less strong was held sufficient to show a transfer of possession and to protect a pledge in the following cases: In re Cincinnati Iron Store Co. (6 C. C. A.) 167 Fed. 486, 93 C. C. A. 122; Ward v. First National Bank (6 C. C. A.) 202 Fed. 609, 120 C. C. A. 655; Stellwagen v. Clum (6 C. C. A.) 218 Fed. 730, 134 C. C. A. 408. In Stellwagen v. Clum, supra, the subject-matter was lumber stacked in piles, together with many other piles of similar lumber, in a lumber yard. The pledgee or transferee had merely marked these piles distinctly with these words, "Sold to A. L. McB., Agt." These piles were later sold by the mortgagor with the consent of A. L. McBean, agent; the mortgagor receiving part payment in cash and part in notes. This evidence was held sufficient, notwithstanding the subsequent conduct of the parties in making or permitting the lumber to be sold to show a transfer or change in possession, thereby protecting the title of the pledgee as against the title of a trustee in bankruptcy. Obviously facts sufficient to show a taking of possession under a pledge is wholly sufficient in the case of a chattel mortgage. In Cincinnati Iron Store Company,

supra, the holding is sufficiently set forth in the third syllabus, which reads:

"A bridge company borrowed money from a bank, and as security for its repayment pledged a quantity of structural iron then in its possession. The pledged iron was set apart in piles on the company's premises, and the piles were marked by numbers and taken possession of by a designated employé of the company as agent for the bank, who issued a receipt therefor as such agent. The transaction was in good faith, and the piles remained intact until the company was adjudged a bankrupt. Held, that there was sufficient delivery to pass the property, and that the pledge was valid."

It will be noted that the subject-matter of the pledge remained in its former situation on the mortgagor's premises, and also that the pledgee's agent was an employé then and thereafter of the pledgor. So, likewise, in the instant case, Young's relationship of employé of the bankrupt does not disqualify him from acting as agent for W. E. N. Hemperly in taking and holding possession of the mortgaged property. This dual relationship might be regarded as a suspicious circumstance, but it is not a controlling circumstance; standing alone, it in no wise discredits or disproves the testimony showing first that the sheriff took possession and that later this possession was transferred to and taken over by W. E. N. Hemperly as trustee.

[7] The trustee appears to have based his claim to this property on section 67 of the Bankruptcy Act (Comp. St. 1916, § 9651). The judgment of the referee and his findings of fact support the trustee's position. Section 67a declares claims shall not be liens against the bankrupt estate which, for want of record or other reasons, would not have been valid as against claims of the creditors of the bankrupt. An unrecorded chattel mortgage under which possession has not been taken is of this class; consequently the referee held that this bill of sale, being in legal effect only a chattel mortgage, was void because not having been filed for record. Section 67a so provides. The referee also finds that this chattel mortgage was given for a past consideration, thereby placing it beyond the provisions of section 67b, which protects liens given or accepted in good faith and for a present consideration. No part, however, of section 67 makes invalid a chattel mortgage merely because it was given at a time when the bankrupt is insolvent and within four months prior to the filing of the petition in bankruptcy and for a past consideration. A chattel mortgage given under these conditions is valid or invalid as provided in section 60.

Section 60 of the Bankruptcy Law deals with what are known as voidable preferences. It provides that a lien given or created while the bankrupt is insolvent and within four months prior to the filing of the petition in bankruptcy to secure an existing debt may be avoided as a preference, "if the person receiving it or to be benefited by it, or his agent acting therein, shall then have reasonable cause to believe that the enforcement of such judgment or transfer would effect a preference." Comp. St. 1916, § 9644. No case was made or attempted to be made by the trustee under the provisions of this section. Even if we might assume that the bankrupt were insolvent when the chattel mortgage in question was given, still the testimony is clear that

W. E. N. Hemperly, trustee, had no knowledge or reason to believe that the bankrupt was insolvent, or to believe that a preference would result from the giving thereof, but that he believed, and, in the light of the facts testified to by him, was justified in believing, the contrary. In view of this testimony, and of the fact that the trustee rested the case on section 67, and did not invoke the provisions of section 60, the cause will not be remanded for inquiry as to whether or not the chattel mortgage is a voidable preference.

The referee's judgment and order of sale will be reversed and set aside, so far as it holds the bill of sale to be absolutely void, and this cause will be remanded, with instructions to enter an order giving the holder thereof a valid lien on the property thereby transferred prior to the title of the trustee in bankruptcy. The trustee may either be directed to sell the property, subject to the payment of the bank's lien, or direct the property to be surrendered to the bank's trustee, as appears to be for the best interests of the bankrupt estate.

An exception may be noted on behalf of the trustee and general creditors to this ruling.