### ILLINOIS CAR & EQUIPMENT CO. v. LINSTROTH WAGON CO.[1]

(Circuit Court of Appeals, Seventh Circuit.    January 7, 1902.)

#### No. 778.

1. EVIDENCE—COPIES OF DOCUMENTS.
    Letterpress copies of documents, which were delivered to a defendant, duly proved, and attached to the deposition of a witness, are admissible in evidence where timely notice to defendant to produce the originals on the trial was given and they were not produced, although such notice was not given to produce them when the deposition was taken.

2. TRIAL—OBJECTIONS TO EVIDENCE—TIME FOR MAKING.
    The objection that the copy of a contract introduced in evidence was not stamped, and that there was no proof that the original was, as required by the internal revenue laws, must be made when the document is offered, and cannot be considered when first made in a motion for new trial.

3. SAME—SUFFICIENCY OF OBJECTION.
    An objection to evidence on the ground of variance must specify in what the variance consists.

4. NOVATION—REQUISITES—EVIDENCE.
    Defendant, which had contracted to furnish plaintiff with iron required in its business, leased its mills to a second company, which agreed to fulfill defendant's contracts, including that with plaintiff.    In an action by plaintiff to recover for a breach of the contract, defendant pleaded a novation as a defense.    Held, that the lease, containing the agreement of the lessee, was admissible in behalf of defendant as a link in the chain of evidence to prove novation, but that its exclusion was harmless error where there was no evidence tending to show any agreement on the part of plaintiff to accept the lessee and release defendant from the contract.

5. SAME.
    The fact that plaintiff was notified of the lease and agreement, and afterwards accepted deliveries of iron under the contract from the

---

[1] Rehearing pending.

lessee, and paid it for the same, did not prove a novation, but was entirely consistent with the continued liability of defendant, and with an intention on the part of plaintiff to hold defendant to the performance of the contract.

6. APPEAL—SUFFICIENCY OF EXCEPTIONS.

An exception in gross to the refusal of the court to give a number of instructions asked is not availing if any one of them was properly refused.

7. TRIAL—VERDICT—RESPONSIVENESS TO ISSUES.

It is only where the different counts in a declaration state different causes of action that the jury should be required to make separate findings on each count. Where the counts merely state the same cause of action in different forms, a general verdict is sufficient.

In Error to the Circuit Court of the United States for the Northern District of Illinois.

The action is in assumpsit, brought by the defendant in error, the Linstroth Wagon Company, for brevity called the "Wagon Company," against the plaintiff in error, the Illinois Car & Equipment Company, for brevity called the "Car Company," to recover damages for default in the performance of a contract dated January 21, 1899, by which the Car Company agreed to furnish the Wagon Company its season's supply of merchants' bar iron, not to exceed 300 tons, at $1.12 rate, one-half extras, f. o. b. mill, less freight to St. Louis, on certain terms stated; delivery February and September, both inclusive. The contract on behalf of the Car Company was made by the firm of L. B. & J. D. Ripley, its sales agents at St. Louis, where the wagon company was located. The Car Company was the proprietor of certain mills at Anniston, in the state of Alabama, where it was contemplated the iron was to be manufactured; its general offices being in the city of Chicago. Up to June 1, 1899, the Wagon Company from time to time handed to the Ripleys specifications for iron to be delivered under the contract according to the usual method of dealing between the Car Company and its customers in the city of St. Louis, and these were forwarded to the Car Company, and were accepted and acted upon by it. The Car Company delivered 190 tons of the iron in accordance with the specifications. On that date the Car Company leased to the Southern Car & Foundry Company, for brevity called the "Southern Company," its real property, works, and plant at Anniston, Ala., for the term of five years, and assigned to the Southern Company the contracts theretofore entered into by the Car Company, including the contract in question; the Southern Company agreeing with the Car Company to perform and execute the contract. The Southern Company shipped to the Wagon Company some of the iron for which the Car Company had received specifications. The Wagon Company was notified of this lease, and subsequent specifications were forwarded to the Southern Company by the direction of the Ripleys, and through them. The 300 tons of iron contracted for were thus specified by August 16, 1899, but there was failure to deliver 109 tons. The action was brought to recover damages for such failure. The first and second counts of the declaration declared upon a sale of 300 tons of merchants' iron at the price stated, and failure to deliver. The third count sets out the contract in hæc verba, and alleges failure to deliver. The fourth count declares the common counts in assumpsit. There were some amended counts, not materially changing the status. The Car Company pleaded the general issue, with an additional plea setting up the defense of novation. The trial resulted in a verdict for the Wagon Company. The errors assigned have reference to proceedings at the trial, and are sufficiently stated in the opinion.

A. R. Sheriff, for plaintiff in error.

Israel Shrimski, for defendant in error.

Before JENKINS and GROSSCUP, Circuit Judges, and BUNN, District Judge.

JENKINS, Circuit Judge, after stating the facts as above, delivered the opinion of the court.

The objections urged are mainly technical, and many of them without merit, not justifying extended consideration. We speak to such as are deemed worthy of comment.

Certain impression copies of originals delivered to the Car Company by the Ripleys were offered in evidence in connection with the deposition of one of the Ripleys, being letterpress copies of the contract in question and of the specifications for iron delivered to the Ripleys and forwarded to the Car Company. These were duly proved to be copies, but at the trial it was objected that no notice had been given to produce the originals at the time of the taking of the depositions. It was conceded that timely notice to produce them at the trial had been given, and the Car Company declined to produce them, stating that they had been lost. We fail to appreciate the force of the objection. The originals were in possession of the Car Company. They had been delivered to them. If they were lost prior to the taking of the deposition, notice to produce would have been unavailing. If not lost, the company should have produced them at the trial upon notice. We think it sufficient that timely notice to produce was given after the taking of the deposition and before the trial.

It is objected that the copy of the contract produced was not stamped with the proper revenue stamp of the United States, and that there was no proof that the original was so stamped. No such objection was presented at the trial. The objection was first urged upon a motion for a new trial. We are not at liberty to review the action of the trial court in granting or refusing a new trial. If we were, the objection would still be too late. It should have been made when the document was offered in evidence. It would then have been in time to have obviated the objection by stamping the instrument, if a stamp were necessary. Noonan v. Mining Co., 121 U. S. 393, 400, 7 Sup. Ct. 911, 30 L. Ed. 1061; Patrick v. Graham, 132 U. S. 627, 629, 10 Sup. Ct. 194, 33 L. Ed. 460. The suggestion of counsel, that through the ruling or negligence of the courts the revenue of the government may be defeated if this objection be not sustained, is gratuitous. It might have more weight if anxiety in that behalf had been earlier exhibited by timely objection.

The objection to the introduction of the memorandum book containing the specifications for iron ordered under the contract is equally without merit. This book contained the original specifications, from which the Ripleys copied them to forward to the Car Company. The evidence shows that it was the custom of business for the Ripleys thus to copy them and to forward them to the Car Company, which accepted them, and in part fulfilled the orders under the contract. It is not a question of power in the Ripleys as agents; it is a question of the method of business. The specifications were received and acted upon by the Car Company and by its lessee, and it is quite immaterial through what channel they came. It is also objected that the book was not admissible under the pleadings, "being a variance from the contract alleged." If there be a variance,

the objection is untenable, because it does not indicate to the court in what the variance consists, "so as to enable the court to pass upon the question intelligently, and also to enable the plaintiff to so amend his pleading as to make it conform to the evidence, and thus avoid defeat upon a point in no way involving the merits of his claim." Cozzens v. Brick Co., 166 Ill. 213, 220, 46 N. E. 788.

It is also objected that the court erred in admitting a telegram sent by the general manager of the Car Company to the manager of the mill at Anniston in the latter part of June, 1899, after the transfer of the mill, with respect to delivery of iron to another party. Ripley sought an interview with the general manager of the Car Company relative to his position in view of the lease of the plant to the Southern Company and the effect the change would have upon the fulfillment of the contracts which he had made for the Car Company with the St. Louis parties. The manager of the Car Company, in view of the delay by the Southern Company in filling the Car Company's contracts, sent the dispatch urging expedition. It had not reference, it is true, to the contract in suit, but to a similar contract with another party. If the evidence was irrelevant, the error was harmless. It could not affect the verdict one way or the other. We are, however, of opinion that it was competent as a circumstance, in connection with the conversation, touching the question of the defense of novation.

The next objection to be considered has reference to the exclusion of the lease executed by the Car Company to the Southern Company, which contained the agreement of the latter company to fulfill the contract of the Car Company with the Wagon Company. This lease was at first admitted in evidence, and, after further testimony had been taken, the court seems to have considered it incompetent upon the ground that the Wagon Company was not bound by the terms of it "any further than there may have been a novation there, and that should be shown by the act of the parties." The court seemed to be of opinion that the fact of the transfer of the plant and the whole business was proven, and that the fact so proven was sufficient. We are of opinion that the lease should not have been excluded. It spoke the agreement of the Southern Company with the Car Company to assume and perform the latter's contract with the Wagon Company. It is true that the latter company was not bound by its terms unless it had accepted the substitute and discharged the Car Company from liability under the contract. The contract of lease was, however, a link in the chain of evidence to establish the defense of novation; for it was the writing speaking an assumption of liability by the Southern Company. We are of opinion, however, that the error was a harmless one; that the evidence, treating the lease as before us, is wholly insufficient to establish a novation. In Bag Co. v. Van Nortwick, 3 C. C. A. 274, 52 Fed. 752, we had occasion to consider the principles upon which the doctrine of novation is founded, and we declared that assumption of liability is not novation, unless there concur the consent of the one party to accept the substitute in lieu of the other party to the original contract, and a discharge of the latter. There must be consent by the creditor to take the new debtor as his sole security and to extinguish the claim against the

former debtor. Butterfield v. Hartshorn, 7 N. H. 345, 26 Am. Dec. 741. Such consent is not to be implied merely from the performance of the contract by the substitute, for that might well consist with the continued liability of the original party, the substitute acting for that purpose in the capacity of agent for the original obligor. Nor does payment by the Wagon Company to the Southern Company prove a novation. The Car Company, by its lease to the Southern Company, had put it out of its power to perform the contract. It sought to protect itself by agreement with the lessee to make and deliver to the Wagon Company the undelivered part of the iron contracted. In no other way could the contract have been performed. The Southern Company was entitled to receive payment for the iron it should thus manufacture and deliver. Payment to the Southern Company does not prove consent by the Wagon Company to a discharge of the liability of the Car Company. There must be something more,—some evidence speaking an agreement between the original parties to the contract to discharge the original obligor from liability and to accept the substitute. We fail to discover sufficient evidence in this record proving such agreement. There is no evidence that the Car Company ever sought to be released from its liability, or that the Wagon Company was ever asked to accept the Southern Company as a substitute. There is no direct evidence upon this point, or any evidence from which an agreement in that respect could be implied. Indeed, the declarations of the chief officer of the Car Company, subsequent to the transfer of the mills, clearly establishes that he then recognized the continued liability of the Car Company to respond for any failure in the performance of the contract. We think a direction of a verdict in favor of the Wagon Company upon the defense of novation would have been entirely proper if the lease had not been excluded. The error was therefore harmless.

The Car Company at the conclusion of the evidence preferred eight distinct requests to charge the jury, to which there was a single exception. It is established—in the federal courts at least—that an exception to rulings in gross is not available if any one of them be good. The first of these requests is that the court instruct the jury to find a verdict upon each count in the declaration. The practice contended for by counsel applies, we think, only when counts contain different causes of action; but here the subject-matter in the different counts is the same, stated in a different manner in different counts. A finding upon any one of the counts would be a bar to further recovery upon any other count, and a general verdict is sufficient.

There is no other exception which merits special consideration. The trial was fairly conducted, and the verdict fully warranted by the evidence.

The judgment is affirmed.