### In re STOUGHTON WAGON CO. et al.

### In re BOOTH et al.

(Circuit Court of Appeals, Sixth Circuit.  April 4, 1916.)

No. 2723.

1. SALES ⬳55—CONSTRUCTION—LAW GOVERNING.

Where the bankrupts resided and did business in Michigan, and the goods claimed by a petitioner were received and held by the bankrupts, the construction and effect of the contract under which they were held must be determined by the laws of that state as construed by its Supreme Court.

[Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 2, 153; Dec. Dig. ⬳55.]

2. BANKRUPTCY ⬳184(2)—TITLE OF TRUSTEE—CONDITIONAL SALE.

A contract for the delivery of goods, which retained title thereto in the seller until paid, and which plainly contemplated a resale by the buyer, and provided that the goods were to be paid for, whether resold or not, and that all accounts and notes for goods purchased, whether given in payment for goods, or as collateral security, should be immediately due in case the buyer sold out, thus implying a right to sell otherwise than at retail, is a contract of absolute sale retaining a lien for the purchase price, which must be recorded as required by the laws of Michigan to be valid against the trustee in bankruptcy.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 276; Dec. Dig. ⬳184(2).]

3. SALES ⬳454—CONDITIONAL SALE—RESERVATION OF TITLE—INCONSISTENT PROVISIONS.

In a contract for the delivery of goods intended for resale, a reservation of title in the seller cannot be sustained unless, taking the entire contract and the circumstances together, the reservation of title is clearly dominant over the right of resale and other inconsistent features of the contract, and the resale can be considered as made by the buyer as agent or consignee of the seller.

[Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 1324, 1325, 1333, 1334; Dec. Dig. ⬳454.]

Petition for Revision of Proceedings of the District Court of the United States for the Eastern District of Michigan, in Bankruptcy; Arthur J. Tuttle, Judge.

Proceeding in bankruptcy against Fred C. Booth and another. Petition by the Stoughton Wagon Company for reclamation of certain property in the possession of the trustee in bankruptcy was denied by

⬳For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

the referee, and his order affirmed by the District Judge, and the petitioner petitions to revise.    Judgment of the District Court affirmed.

E. L. Beach, of Saginaw, Mich., for petitioner.

W. S. Wixson and Timothy C. Quinn, both of Caro, Mich., for respondents.

Before KNAPPEN and DENISON, Circuit Judges, and HOL-LISTER, District Judge.

KNAPPEN, Circuit Judge.    Petition for reclamation of certain lumber wagons and wagon seats sold by petitioner to the bankrupts, and which passed into the possession of their trustee in bankruptcy while the purchase price was wholly unpaid.

The petitioner's right to reclaim depends upon whether, as claimed by petitioner, the sale was a conditional one, with title reserved in the vendor until payment of the purchase price, or whether it was an absolute sale with attempt to reserve a lien for the purchase price, required by the Michigan statute to be filed, and so invalid as against the trustee in bankruptcy under the June, 1910, amendment of the Bankruptcy Act (Act July 1, 1898, c. 541, 30 Stat. 544, as amended by Act June 25, 1910, c. 412, 36 Stat. 838), because not so filed.  The referee denied the petition to reclaim, and his order was affirmed by the District Judge and the petition dismissed.

[1]  The bankrupts resided and did business in Michigan, and the goods in question were received and held there.    The construction and effect of the contract must thus be determined by the law of Michigan, as evidenced by the decisions of the Supreme Court of that state.

[2, 3]  The contract of sale, by implication at least, plainly contemplates a resale of the goods by the vendee.    But while it expressly provides that the title to the goods sold, and the proceeds of any sale of the same, shall remain in the name of the seller "until the same are settled for in cash," it contains other terms on their face inconsistent with reservation of title by the vendor.    In the case of Mishawaka Woolen Mills Co. v. Westveer, 191 Fed. 465, 112 C. C. A. 109 (in an opinion by Judge Warrington), and in John Deere Plow Co. v. Mowry, 222 Fed. 1, 137 C. C. A. 539 (in an opinion by Judge Denison), the leading applicable decisions of the Supreme Court of Michigan were fully considered, and the conclusion reached therefrom that where goods are intended for resale the reservation of title cannot be maintained as a conditional sale unless, taking the entire contract and circumstances together, the reservation of title is clearly dominant over the right of resale and other inconsistent features of the contract, and that, as expressed in the Mowry Case, such reservation of title can be sustained "only on the theory that the resale is made by the vendee as the agent or consignee of the vendor, by an agency or consignment which underlies the executory sale and which is a continuing one until it is terminated either by the resale or the vendee's personal performance of the conditions, which then, for the first time, vest title in him."

If the Westveer and Mowry Cases are to be followed, the contract in question must be held one of absolute sale, with attempt to retain a lien as security for the purchase price. Among the features which give this dominant character are the provision that the goods were to be paid for by the bankrupts whether sold by them or not, title being retained by the seller only until the goods "are settled for with cash," instead of until sold, and the provision making all accounts and notes for goods purchased, whether "given in payment for goods or accounts or as collateral security thereto," immediately due and payable in case the "purchaser under this contract sells out," thus plainly implying a right in the vendee to sell otherwise than at retail in the usual course of business or as agent or consignee of the vendor. In the Mowry Case we expressed the opinion that there is no settled rule in Michigan applicable to the precise facts disclosed by the record in that case, and that "it is only to such settled rule that we should yield our own judgment."

Appellant invokes the decision of the Supreme Court of Michigan in Mishawaka Woolen Mills Co. v. Stanton, 154 N. W. 48, announced since our decision in the Mowry Case, as settling a rule of decision contrary to our holdings in the Westveer and Mowry Cases. An examination of the opinion in the Stanton Case discloses nothing at variance with our opinions in the two cases just referred to, both of which are cited in the opinion in the Stanton Case, and without apparent criticism. Indeed, the contract in the Stanton Case is an extreme instance of carrying out the notion that the consignee is receiving, and is to sell the goods, as agent and representative of the consignor. Among the significant conditions of the Stanton contract (which was made since the Westveer decision) are these: The contract throughout uses the word "orderer" instead of "purchaser"; sale otherwise than "in ordinary course of business at retail sale" is expressly forbidden except with the consent of the first party; title in the first party is not retained (as in the Westveer Case) until the goods are "fully paid for in cash," but until they are actually "sold by said second party"; there is the further condition that upon sale of the goods so ordered "the proceeds received therefor * * * shall be and remain the property of said first party until the goods are fully paid for in cash," instead of being held merely as collateral security, as in some of the cases. We see no reason for departing from our views as expressed in the Westveer and Mowry Cases.

· The decisions of the United States Supreme Court cited by appellant do not, in our opinion, sustain the character of the transaction in question as a conditional sale. Each of the decisions so cited are, in our judgment, readily distinguishable from the instant case. Thus Bryant v. Swofford, 214 U. S. 279, 29 Sup. Ct. 614, 53 L. Ed. 997, is based upon a construction of the Arkansas law. In Ludvigh v. American Woolen Co., 231 U. S. 522, 34 Sup. Ct. 161, 58 L. Ed. 345, the net proceeds of sales were to be accounted for to the consignor, and the consignee was obligated to sell the goods and to collect and pay over the proceeds to the consignor. In the instant case there is no obligation to resell. Holt v. Henley, 232 U. S. 637, 34 Sup. Ct.

459, 58 L. Ed. 767, seems not to have involved a purchase of goods for resale.

The recent Michigan statute (P. A. Mich. 1915, Act No. 64) requires, except as between vendor and vendee, that conditional contracts of sale by which title is reserved in the vendor, with right to resell in the vendee, be filed in the same manner as chattel mortgages. In view of this statute, the questions before us are likely to be of comparatively little future interest, and a less elaborate discussion of the instant case than we might otherwise think necessary seems thus to be justified.

It results from the views we have expressed that the petition for reclamation was properly denied. The judgment of the District Court is accordingly affirmed, with costs.

The method of review has not been considered, because not raised; the practical result to the parties would be the same, should the petition to revise be dismissed.