## In re MUTUAL MOTORS CO.

### Petition of FIRESTONE TIRE & RUBBER CO.

### (District Court, E. D. Michigan, S. D.   July 22, 1919.)

### No. 3815.

1. SALES ⚖55—CONTRACTS—CONSTRUCTION—LAW GOVERNING.

The construction and effect of a contract under which property was delivered to a bankrupt is governed by the law of the state where he resided, was engaged in business, and received the property.

2. BANKRUPTCY ⚖184(2)—"CONDITIONAL SALE" CONTRACT.

A contract under which claimant delivered tires and rims to bankrupt, an automobile manufacturer, to remain claimant's property until assembled in cars and sold, and, when paid for, the agreed price to be held in a special account for claimant, was one of "conditional sale," within Pub. Acts Mich. 1915, No. 64, and unless recorded is void as against bankrupt's trustee, having the rights of a creditor under Bankruptcy Act, § 47a(2), as amended by Act June 25, 1910, § 8 (Comp. St. § 9631).

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Conditional Sale.]

In Bankruptcy. In the matter of the Mutual Motors Company, bankrupt. On review of order of referee denying petition of the Firestone Tire & Rubber Company for reclamation of property. Affirmed.

Trumbull & Bisbee, of Jackson, Mich., for petitioner.
Warren, Cady, Ladd & Hill, of Detroit, Mich., for trustee.

TUTTLE, District Judge. This is a petition to review an order of one of the referees in bankruptcy for this district, denying a petition filed by the petitioner herein for the reclamation of certain automobile tires and rims furnished by petitioner to the bankrupt, and in the possession of the latter at the time of the filing of the petition in bankruptcy, under an arrangement claimed by said petitioner to constitute a conditional sale, reserving title to the said tires until resale thereof by the bankrupt. The claim of the petitioner with reference to the agreement, is thus stated in its petition for reclamation:

"Said tires and rims were not sold outright to said bankrupt, but were shipped to its factory on consignment, with the mutual understanding and agreement that the same were to be held by said Mutual Motors in trust for this petitioner, but with the privilege on the part of said bankrupt of assembling such tires and rims into automobiles and selling the same; but the purchase price of said tires and rims, in each instance, as fast as settlements were made with customers, was to be placed in an account to be known as the 'trust account' and kept separate from all other funds, and each week said bankrupt agreed to remit to this petitioner all sums realized during the previous week on the purchase price of such tires and rims; that the title to said tires and rims was to remain in petitioner until the automobiles, upon which any such tires and rims had been assembled, were actually sold, and when sold the proceeds of such sales, to the amount of the purchase price of such tires and rims, which the said bankrupt was to pay your petitioner, was to be held in said trust account and the funds therein to belong to your petitioner."

The question involved is whether the tires and rims thus sought to be reclaimed, which were in the stock of the bankrupt at the time of

the filing of the petition in bankruptcy, and had not then been assembled on the automobiles, and had not been paid for by the bankrupt, were the property of the bankrupt, or were still owned by the petitioner. If the agreement under which this property was furnished to the bankrupt constituted an absolute sale, the title to such property vested in the bankrupt, and petitioner is not entitled to reclamation thereof from the trustee. If, on the other hand, the transaction constituted a pure conditional sale, then the title would remain in the petitioner, and petitioner would be entitled to recover the property, provided the contract of sale were valid and enforceable according to its terms.

[1] As the bankrupt resided and was engaged in business in Michigan, and the goods in question were received by it and held here, the construction and effect of the contract under which such goods were received and retained must be determined by the law of this state. In re Stoughton Wagon Co., 231 Fed. 676, 145 C. C. A. 562 (C. C. A. 6); Walter A. Wood Mowing & Reaping Machine Co. v. Croll, 231 Fed. 679, 145 C. C. A. 565 (C. C. A. 6); In re American Steel Supply Syndicate (D. C.) 256 Fed. 876.

[2] Act 64 of the Michigan Public Acts of 1915 provides as follows:

"Whenever any personal property is sold and delivered to any person, firm or corporation regularly engaged or about to engage in the business of buying and selling such personal property, with the condition affixed to the sale that the title thereto is to remain in the vendor of such personal property until the purchase price thereof shall have been paid, with the agreement, express or implied, that the same may be resold, every such conditional sale in order for the reservation of title to be valid except as between the vendor and vendee shall be evidenced in writing and the written contract of every such conditional sale or a true copy thereof shall be filed and discharged in the same manner as chattel mortgages are required to be filed and discharged."

It is undisputed that the bankrupt was engaged in the business of selling automobiles equipped with rims and tires like those furnished by petitioner to it for that purpose, and that the particular rims and tires involved herein had been delivered to it by petitioner for such purpose. It is the claim of petitioner that this property was furnished to the bankrupt on consignment, and that when any such property was resold the proceeds thereof belonged to the petitioner. According to petitioner's own contention, this transaction was a conditional sale. If so, it is a sale of the class described in the statute just cited, and since it falls within the terms of the statute, but was not filed as required thereby, it is void so far as reservation of title is concerned, except as between the petitioner and the bankrupt. Woolen Manufacturing Co. v. Stanton, 188 Mich. 237, 154 N. W. 48, L. R. A. 1917B, 651; In re Stoughton Wagon Co., supra.

It is urged that the statute does not apply to this case, because the trustee stands in the shoes of the bankrupt with regard to this contract, and that therefore the question here presented as to the validity of such contract arises as between the vendor and vendee, and so is within the exception mentioned in such statute. Whatever might have been the rule in such a case prior to the 1910 amendment (Act June

25, 1910, c. 412, § 8, 36 Stat. 840) to section 47a(2) of the Bankruptcy Act of July 1, 1898, c. 541, 30 Stat. 557 (Comp. St. § 9631), the trustee in bankruptcy is now vested, as to all property of the estate in the custody of the bankruptcy court, with "all the rights, remedies, and powers of a creditor holding a lien by legal or equitable proceedings thereon." Potter Manufacturing Co. v. Arthur, 220 Fed. 843, 136 C. C. A. 589, Ann. Cas. 1916A, 1268 (C. C. A. 6).

The only other reason urged in support of the argument that this statute is not applicable to this case is that the bankrupt was not engaged in selling tires and rims as such. It was part of the regular business of the bankrupt to buy such accessories and sell the same to purchasers of automobiles as part of the necessary equipment. The business of the bankrupt falls within the definition of the statute and there is no merit in this contention.

The failure to comply with the terms of the statute in question rendered void the attempted reservation of title, and petitioner must be denied recovery, even under its own version of the nature of the transaction involved. It is therefore immaterial, and unnecessary to determine, whether such transaction was of the nature of an absolute sale or of a conditional sale.

The order of the referee, denying the petition for reclamation, must be affirmed and an order entered in conformity with the terms of this opinion.