### In re BONK.

### In re DETROIT STORE FIXTURE CO.

(District Court, E. D. Michigan, S. D.   October 9, 1920.)

No. 4262.

1. **Chattel mortgages ☞6, 196—Contract held a chattel mortgage, invalid as to creditors, if not recorded.**

   A contract for sale of store fixtures to a merchant, to be paid for in installments, providing for the giving of notes for deferred payments, and retaining title in the seller "as security for the payment" of such notes, *held* in effect a chattel mortgage, and, not having been recorded, void as to creditors of the purchaser, under Comp. Laws Mich. 1915, § 11988.

2. **Courts ☞366(18)—Federal courts follow state court's construction of statutes.**

   The decision by the Michigan Supreme Court of the question whether a chattel mortgage not filed and without change of possession is void as against creditors of the mortgagor's assignee, under Comp. Laws Mich. 1915, § 11988, making such a mortgage void as against the creditors of the mortgagor, is binding on the federal bankruptcy court.

3. **Chattel mortgages ☞197(1)—Invalidity of unrecorded mortgage does not extend to creditors of assignee of mortgagor, unless there is novation.**

   Under Comp. Laws Mich. 1915, § 11988, providing that chattel mortgages, not accompanied by immediate delivery of the property and followed by continued change of possession, shall be void as against creditors of the mortgagor, unless filed for record, such invalidity does not extend to creditors of an assignee of the mortgagor, where the mortgagee does not release the mortgagor from liability and accept his assignee in his stead.

4. **Novation ☞7—Assent must be, not only to assignment, but to substitution.**

   To establish a novation, substituting chattel mortgagor's assignee in his place, it is not enough to show the conduct of the mortgagees in consenting to the assignment, but there must also be shown an agreement between the parties that the mortgagor should be released from liability to the mortgagees, and such liability transferred to the assignee alone.

5. **Bankruptcy ☞185—Trustee vested with no greater rights as to unfiled chattel mortgage than creditors.**

   The amendment of Bankruptcy Act, § 47, by Act June 25, 1910 (Comp. St. § 9631), conferring on trustees "all the rights, remedies and powers of a creditor holding a lien by legal or equitable proceedings," *held* not to give a trustee any better standing to attack the validity of a chattel mortgage on bankrupt's property than his creditors would have had, if bankruptcy had not intervened.

In Bankruptcy. In the matter of Julius E. Bonk, doing business as the Eagle Drug Store, bankrupt. On review of order of referee deny-

---

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

ing petition of the Detroit Store Fixture Company for reclamation of property. Reversed.

Benjamin & Betzoldt, of Detroit, Mich., for petitioner.
Welsh, Bebout & Kahn, of Detroit, Mich., for trustee.

TUTTLE, District Judge. This is a petition to review an order of one of the referees in bankruptcy of this district, denying a petition of Isaac Rosenthal and Abraham Rosenthal, doing business as Detroit Store Fixture Company, praying for an order instructing the trustee in bankruptcy to surrender possession of a certain soda fountain and other drug store fixtures to petitioner, or to pay the balance due thereon.

The property involved was originally sold by petitioners to one Tilley under two written contracts containing substantially the same language. Each of such contracts provided for the payment of a certain amount in cash and for the payment of the balance of the purchase price in monthly installments, for which notes were to be given. Each contract contained the following clause:

"It is agreed, as security for the payment of the above, that the Detroit Store Fixture Company retain title to said property until fully paid for, after which a receipted bill will be given for same. (Notes, drafts or checks not to be consdered as 'payment' until they are redeemed.)"

There are other provisions which it is unnecessary to set forth here. Pursuant to these contracts, Tilley, the original vendee, executed and delivered to petitioners a series of notes, nearly all of which have been paid. Subsequently, and more than four months prior to the time of the filing of the petition in bankruptcy herein, Tilley sold and assigned his interest in these contracts and notes and the property covered thereby to the bankrupt. Petitioners consented to this transfer, but there is no evidence that they agreed to release Tilley from any liability under the contracts or to accept the bankrupt in his place. Neither of the contracts executed by Tilley and assigned to the bankrupt was filed for public record. The bankrupt himself executed no contract with petitioners. No creditors of Tilley have raised any objections to the validity of these contracts, and it does not appear that said Tilley has, or at any time had, any creditors.

Under these circumstances, the trustee contends, and his contentions were sustained by the referee, that the contracts under which the property was originally sold to Tilley were, in legal effect, absolute sales to Tilley, with retention of title making them chattel mortgages by him to secure the balance of the purchase price, and that they were void as to the creditors of said Tilley, because not filed for record as required by the Michigan statute applicable; that when these contracts were assigned to the bankrupt, with the consent of petitioners, a novation occurred, and the bankrupt was substituted in the place of Tilley, and became in legal effect the mortgagor under these chattel mortgages; and that the failure of the bankrupt to file such contracts for record rendered them void as to his creditors, and subject to be set aside at the instance of the trustee in bankruptcy herein.

[1] Whether these contracts should be construed to be contracts of pure conditional sale, under which the title was wholly reserved in

the vendor until performance of the condition on which the transfer of the title was made to depend, namely, the payment of the purchase price, or whether, on the other hand, such contracts should be construed as absolute conveyances of the legal title to the vendee, with so-called retention of title in the vendor merely as security for the payment of the purchase price, and therefore in law chattel mortgages, depends, of course, upon the intention of the parties in making the contracts in question.

The referee apparently based his decision, holding these contracts to be chattel mortgages, on his opinion that the provision for the execution and delivery of promissory notes by the vendee to the vendor conclusively indicated an .intention that the absolute title should pass to the vendee, subject to the so-called reservation thereof by way of security only. This court has recently held that the mere fact that promissory notes are given under a contract providing for the retention of title until payment of the purchase price is not necessarily inconsistent with an intention that no title shall pass until the payment of the purchase price, and that a contract may be construed to be one of pure conditional sale, notwithstanding a provision therein for the execution of such promissory notes. In the matter of Robinson Machine Company (D. C.) 268 Fed. 165.

It will be noted, however, that in each of the contracts here involved it is expressly agreed between the parties that title is to be retained "as security for the payment" of the purchase price. The parties having thus clearly and positively expressed their meaning as to the purpose of the retention of title, and there being no language in the contract inconsistent with the clause just quoted, it is unnecessary to consider the effect of the provision referring to the execution of the promissory notes, or of the acts or conduct of the parties in relation thereto, and the intention of the parties thus unequivocally and unambiguously expressed should be given effect, and the contracts held to be instruments intended to operate as chattel mortgages.

[2] As already observed, these chattel mortgages were not filed for record, although there was no immediate delivery, or change of actual possession, of the property covered thereby. What, then, was the effect of the failure to so file them? The Michigan statute applicable is section 11988 of the Michigan Compiled Laws of 1915, which provides that:

"Every mortgage or conveyance intended to operate as a mortgage of goods and chattels which shall hereafter be made which shall not be accompanied by an immediate delivery and followed by an actual and continued change of possession of the things mortgaged, shall be absolutely void as against the creditors of the mortgagor, and as against subsequent purchasers or mortgagees in good faith, unless the mortgage or a true copy thereof shall be filed"

—as provided in said statute. Under this statute every chattel mortgage not filed as therein required is void as to creditors "of the mortgagor." Is such an unfiled mortgage void also as against creditors of the assignee of such mortgagor? Of course, if this question has been determined by the Michigan Supreme Court, its decision on such ques-

tion is binding upon this court. In re Huxoll, 193 Fed. 851, 113 C. C. A. 637.

[3] In the case of Dwight v. Scranton & Watson Lumber Co., 69 Mich. 127, 36 N. W. 752, a case identical with the present one in respect to the material facts involved and the proper rule applicable, the Supreme Court of Michigan distinctly held that the invalidity of an unfiled chattel mortgage as against creditors applies only to the creditors of the original mortgagor, and does not extend to creditors of an assignee of such mortgagor. Regardless of what might otherwise be the decision of this court on this question, it must follow the construction of this statute of the state of Michigan thus announced by the court of last resort of such state. Any injustice that may result from this construction of the statute must be remedied by the state Legislature, to which tribunal should be addressed any arguments based upon the hardship which may arise from the statute as so construed.

[4] The contention that the bankrupt must be considered as substituted in the place of the original mortgagor by the conduct of petitioners in consenting to the assignment from such mortagagor to the bankrupt cannot be sustained, as there is no evidence to support a finding that there was an agreement between the parties to the effect that the mortgagor should be released from liability to the petitioners and such liability transferred to the bankrupt alone, which agreement would be necessary in order to constitute the novation alleged. Illinois Car & Equipment Co. v. Linstroth Wagon Co., 112 Fed. 737, 50 C. C. A. 504; Harrington-Wiard Co. v. Blomstrom Mfg. Co., 166 Mich. 276, 131 N. W. 559.

[5] Nor is there any merit in the argument that the 1910 amendment to section 47 of the Bankruptcy Act (Comp. St. § 9631), conferring on trustees "all the rights, remedies and powers of a creditor holding a lien by legal or equitable proceedings," gives to the trustee in bankruptcy herein any greater or other right in the premises than any creditor of the bankrupt would have had, if bankruptcy had not intervened. This amendment to the Bankruptcy Act changed the rule, previously in force, that a trustee merely stood in the shoes of the bankrupt, and acquired only the title and rights previously vested in the bankrupt; and now, under this amendment, the trustee possesses, in addition to the title and rights of the bankrupt, also the rights, remedies, and powers which belonged, at the time of the filing of the petition in bankruptcy, to creditors of the bankrupt, and might have been exercised by them, if such bankruptcy petition had not been filed. Bailey v. Baker Ice Machine Co., 239 U. S. 268, 36 Sup. Ct. 50, 60 L. Ed. 275; In re Flatland, 196 Fed. 310, 116 C. C. A. 130; In re Seward Dredging Co., 242 Fed. 225, 155 C. C. A. 65; Collier on Bankruptcy (11th Ed.) p. 728. If, then, the unfiled chattel mortgages here involved would have been void as against creditors of the bankrupt, in the absence of bankruptcy proceedings, such mortgages would be equally void, under the 1910 amendment referred to, as against the trustee; but, as such mortgages were not invalid as to such creditors, neither are they void as against the trustee.

It follows that petitioners are entitled to the rights of mortgagees in respect to the property involved in this proceeding, and the order of the referee must be set aside, and the matter remanded for further proceedings not inconsistent with this opinion.