### In re NADER.

### CLAIM OF NATIONAL CASH REGISTER CO.

(District Court, E. D. Michigan, S. D. October 31, 1921. On Petition for Rehearing, November 22, 1921.)

### No. 4758.

1. **Courts** ☞366(14)—**Bankruptcy court held bound by decisions of state court as to construction of contract.**

As to whether a contract is a purely conditional sale or an absolute sale with reservation of title for security, in which latter case contract would be void within the statutes of the state where the contract is to

, be performed, a bankruptcy court is bound by a decision of the highest court of that state.

**2. Chattel mortgages ☞6—Instrument held a chattel mortgage, not a conditional sale.**

A contract under which a cash register was sold *held* an absolute sale reserving a lien by way of security; that is, a chattel mortgage, and not a conditional sale, though it reserved title in the vendor until payment of the purchase price and taxes.

**3. Courts ☞368—Binding effect of state court decisions not affected by prior inconsistencies.**

The binding effect on the bankruptcy court of a decision by the highest state court is not affected by prior inconsistent decisions of the state court, in the absence of any showing that the cause of action in the bankruptcy court accrued in reliance on the prior decisions of the state court establishing a settled rule of property, abrogated by the later decision to the extent or impairing a vested right.

*On Petition for Rehearing.*

**4. Evidence ☞461 (1)—Preliminary intentions merged in written contract.**

The undisclosed, or even the orally disclosed, purpose or intention of the parties in entering into a written contract, cannot be considered in construing such contract, at least where it is not claimed that the parties have, by acts or conduct subsequent to the making of the contract, put a binding construction thereon.

In Bankruptcy. In the matter of Aboud Nader, bankrupt. Claim of National Cash Register Company, as to which one of the referees certifies a question. Question answered.

Joslyn & Perry, of Detroit, Mich., for claimant.

Martin J. Wanamaker, of Detroit, Mich., in pro. per.

TUTTLE, District Judge. One of the referees in bankruptcy has certified to this court for its opinion the question whether a certain written contract, under which a cash register was furnished by the claimant to the bankrupt before the filing of the voluntary petition in bankruptcy herein, which cash register came into the possession of the trustee, should be construed as evidencing a pure conditional sale, with absolute reservation of title until payment of the purchase price, or as an absolute sale with reservation of title merely as security for the payment of such purchase price. As the contract was not filed for record in accordance with the statute governing the filing of chattel mortgages, such contract is void as to the creditors of the bankrupt, if it is to be construed as a contract of absolute sale with retention of title as such security only, or, in other words, as a chattel mortgage, but otherwise is valid.

The contract involved was in words and figures as follows:

"City, Detroit; County, Wayne; State, Mich.

"The National Cash Register Company, Dayton, Ohio: Date, Aug. 25, 1920. Please manufacture and ship, freight prepaid, to 1736 E. Forest St., Detroit, Wayne county, Mich., or to the nearest railroad station, Detroit, Mich., of your No. 730 registers, mahogany finish, denomination of keys—for use on— counter, novelty business, for which undersigned agrees to pay you one hundred fifty dollars ($150.00), as follows: $15 cash, cash on arrival of register; $135 in 9 monthly payments of $15, and undersigned to give you his promissory

note for $135, payable in similar payments as collateral security for such payment. Five per cent. discount for cash settlement on arrival of register, but no discount allowed on credit for exchange registers, or on autographic registers. Upon refusal of undersigned to accept the register when tendered, or to make any cash payment, or to execute and deliver the note, or make any payment provided for therein, you, or any person authorized by you, if you so elect, may immediately repossess the register, and retain, as rental for use of said register, all payments theretofore made. Should the register get out of order from ordinary use within one year from shipment, you will, without charge, repair it, provided undersigned pays the transportation charges on it to and from the factory, or nearest agency able to make the repairs, or traveling expenses of repairman. Undersigned to pay for any repairs made without your authorization, and to pay all taxes on the register, and, in event of default, to reimburse the company to full extent of taxes paid by it.

"The register shall remain your property until the price is paid in full.

"This contract covers all agreements between the parties and shall not be countermanded.

"Sign here:               [Signed]   Aboud Nader.
"Aboud Nader

---

"Print purchaser's name plainly on this line."

On the delivery of said register by the claimant to the bankrupt, the latter executed and delivered to the former the note mentioned in said contract, which was in the following words and figures:

"Promissory Note.

"City, Detroit;       County, Wayne;       State, Mich.
"Date, 9—28—1920.

"For value received, I promise to pay to the order of the National Cash Register Co., Dayton, Ohio, U. S. A., one hundred thirty-five dollars ($135.00) at N. C. R. office, Detroit, in payments, payable as below:

| Date Paid. | Collection No. | | | | |
|---|---|---|---|---|---|
| 11—30—20 | 1 | month | after | date | $15.00 |
| 12—6—20 | 2 | " | " | " | 15.00 |
| 1—3—21 | 3 | " | " | " | 15.00 |
| | 4 | " | " | " | 15.00 |
| | 5 | " | " | " | 15.00 |
| | 6 | " | " | " | 15.00 |
| | 7 | " | " | " | 15.00 |
| | 8 | " | " | " | 15.00 |
| | 9 | " | " | " | 15.00 |

"It is agreed that default in the payment of any of the above payments shall, at the option of the holder hereof, render the unpaid balance of this note immediately due and payable.

"This note represents monthly payments only—not price of register.

"Register No. 1845482, style and finish 730 Mah. business novelty.

"Notice to Agents: Write name of customer plainly on this line:
                                   Sign here:
"Aboud Nader.                     [Signed]   Aboud N. Nader.

---

      "No. 1736 E. Forest Street,
        "City, Detroit, Mich."

Only the first three monthly installments called for in said note were paid by the bankrupt, who owed on said contract and note to the claimant a balance of $90 at the time of the adjudication in bankruptcy.

[1] As this contract, whether operating as a purely conditional, or an absolute sale of property, was to be performed in Michigan, if its meaning and effect have been passed upon and determined by a de-

cision of the highest court of that state, this court is, of course, bound
by such decision. Bryant v. Swofford Bros. Dry Goods Co. 214 U. S.
279, 29 Sup. Ct. 614, 53 L. Ed. 997; In re Ducker, 134 Fed. 43, 67 C.
C. A. 117 (C. C. A. 6); Union Trust Co. v. Bulkeley, 150 Fed. 510,
80 C. C. A. 328 (C. C. A. 6) ; Title Guaranty & Surety Co. v. Witmire,
195 Fed. 41, 115 C. C. A. 43 (C. C. A. 6) ; Potter Mfg. Co. v. Arthur,
220 Fed. 843, 136 C. C. A. 589, Ann. Cas. 1916A, 1268 (C. C. A. 6);
In re Stoughton Wagon Co., 231 Fed. 676, 145 C. C. A. 562 (C. C.
A. 6).

[2] As, therefore, the identical contract involved in the present pro-
ceeding was involved in the case of National Cash Register Co. v. Paul,
213 Mich. 609, 182 N. W, 44, and there construed by the Michigan
Supreme Court as one of absolute sale with reservation of title as
security only, and therefore a chattel mortgage, and as in all substan-
tial respects the facts in that case were the same as those presented
herein, I cannot doubt that this court is bound to follow that decision

[3] Nor would the binding effect upon this court of such a decision
by a state court be affected by the fact, if, as is urged by claimant, it
were a fact, that the latter decision might appear to this court to be
inconsistent with prior decisions of such state court (Sioux Remedy Co.
v. Cope, 235 U. S. 197, 35 Sup. Ct. 57, 59 L. Ed. 193; In re Floyd &
Hayes [D. C.] 225 Fed. 262, affirmed in 232 Fed. 119, 146 C. C. A.
311 [C. C. A. 4] ; Denver & Rio Grande R. R. Co. v. United States,
241 Fed. 614, 154 C. C. A. 372 [C. C. A. 8]), where, as here, there is an
absence of any showing that the cause of action in question accrued
in reliance upon prior decisions of the state court establishing a settled
rule of property, which was abrogated by the later decision of that
court to the extent of impairing a vested right (Douglass v. Pike Coun-
ty, 101 U. S. 677, 25 L. Ed. 968).

The question, therefore, certified by the referee, is answered ac-
cordingly.

## On Petition For Rehearing.

TUTTLE, District Judge. Since the filing of the opinion of this
court in connection with this matter, the petitioner has filed a petition
for a rehearing on the grounds (1) that said opinion failed to refer
to the recital in the stipulation herein to the effect that "it was the
purpose and intention of the parties to enter into a conditional sale
contract, and it was the intention of both parties that the title to the
register should not pass to the said Aboud Nader until the full pur-
chase price had been paid by him," and that such opinion also failed
to refer to an alleged agreement between the parties to the effect that
the contract in question constituted a conditional sale; and (2) that this
court erred in holding in its said opinion that "there is an absence of
any showing that the cause of action in question accrued in reliance
upon prior decisions of the state court establishing a settled rule of
property which was abrogated by the later decision of that court to
the extent of impairing a vested right." Both of these contentions of
petitioner have received careful consideration.

[4] 1. The clause in the stipulation between the trustee and the
petitioner to which the latter now calls attention was not overlooked

by this court in the preparation of its former opinion herein. As, however, the language of the stipulation in that connection merely referred to the "purpose and intention of the parties," and not to any agreement between such parties, that portion of the stipulation was deemed immaterial to any issues here involved, as it is, of course, obvious that the undisclosed, or, indeed, in the present case, even the orally disclosed, purpose or intention of the parties in entering into the written contract involved cannot be considered in construing such contract, at least where, as here, it is not claimed that such parties have, by any acts or conduct subsequent to the making of the contract, put a construction thereon which is binding on this court. Regarding the contention of petitioner that my previous opinion "fails to refer to the agreement between counsel that each of the parties to the controversy would testify upon a hearing in lieu of the stipulation that it was agreed between the parties and understood between them that the contract constituted a conditional sale contract," it is sufficient to say that neither in the stipulation mentioned nor anywhere else in the record before this court can any such language or agreement be found.

2. It is further urged in substance by petitioner that this court did not in its former opinion give proper weight to the contention of petitioner that the case of National Cash Register Company v. Paul, 213 Mich. 609, 182 N. W. 44, was so inconsistent with the settled rule of property established by prior decisions of the Michigan Supreme Court, in reliance upon which the contract in question was entered into, that the decision in the case last cited should not be followed by this court. Careful consideration of the contention and argument of petitioner in this connection is convincing that the present case, even upon the record as it now stands, is not one calling for the application of the principle thus invoked by petitioner and alluded to in the final paragraph of my prior opinion herein. It is true, as was pointed out by the Circuit Court of Appeals for this circuit in John Deere Plow Co. v. Mowry, 222 Fed. 1, 137 C. C. A. 539, and by this court in Re American Steel Supply Syndicate, Inc., 256 Fed. 876, that (in the language of this court in the case last cited) "until recently the decisions of the Michigan Supreme Court on this subject seemed to furnish no such clear and definite rule as would be controlling in this court." In view, however, of the recent decisions of the Michigan Supreme Court in the cases of Atkinson v. Japink, 186 Mich. 335, 152 N. W. 1079, and Young v. Phillips, 202 Mich. 480, 168 N. W. 549; Id., 203 Mich. 566, 169 N. W. 822, cited and followed by this court in Re American Steel Supply Syndicate, Inc., supra, and in Re Robinson Machine Company (D. C.) 268 Fed. 165, and cited by the Michigan Supreme Court in its opinion in National Cash Register Company v. Paul, supra, which decisions, together with others mentioned in the last cited case, were rendered before the making of the contract involved herein, I am not prepared to hold that the decision in National Cash Register Co. v. Paul is so inconsistent with previous decisions of the Michigan Supreme Court that it ought not to be followed by this court.

Nor can I agree with the intimation suggested, rather than urged, by petitioner that the decision in National Cash Register Company

v. Paul is inconsistent with the decision of this court in Re Robinson Machine Co., supra, where it was held that the mere giving of a promissory note by the vendee in a conditional sale contract did not convert such contract into one of absolute sale. The extent to which this court there went in this direction is indicated by the language in my opinion in the later case of In re Bonk (D. C.) 268 Fed. 1012, to the effect that "the mere fact that promissory notes are given under a contract providing for the retention of title until payment of the purchase price is not necessarily inconsistent with an intention that no title shall pass until the payment of the purchase price." This is far from holding that every contract under which promissory notes are given is necessarily one of conditional sale. In fact, in the case last cited, the contract involved was held to be one of absolute sale, with retention of title as a lien for security. The conclusion announced by the Michigan Supreme Court in National Cash Register Company v. Paul, supra, was not rested upon the fact that promissory notes were executed under the contract there involved, but that fact was merely referred to as one of the circumstances to be considered in construing such contract.

The careful thought and attention which I have devoted to the petition for a rehearing leave me fully satisfied that such petition should be, and it hereby is, denied.