NEUREITHER v. HANSEN.

NOVATION—NECESSARY ELEMENTS.
> Where purchaser of business on conditional sale agreement gave notes for balance due and afterward sold to another who assumed payment of unpaid notes, evidence alone that latter paid some of the notes is insufficient to establish novation; elements necessary to establish same being consent of all parties to substitution based upon sufficient consideration, and extinction of old obligation and creation of valid new one.

Error to Wayne; Jayne (Ira W.), J. Submitted June 18, 1929. (Docket No. 46, Calendar No. 34,333.) Decided July 8, 1929.

Assumpsit by Daisy Neureither against Thomas Hansen on promissory notes. From a judgment for defendant, plaintiff brings error. Reversed, and new trial granted.

*Louis B. VerWiebe,* for plaintiff.

*Joseph H. Primeau, Jr.,* for defendant.

CLARK, J. Walter Neureither owned lease and stock and equipment of a garage business which he sold on conditional sale agreement to defendant Thomas Hansen; $300 was paid down, and the remainder, $2,500, was to be paid in installments of $75 per month and interest, according to a series of promissory notes made by Hansen to Daisy Neureither, wife of Walter. The notes were made payable to the wife because the husband was indebted to her. Notes were payable at Dime Savings Bank. Hansen paid the first of the series of notes, and then sold what he had bought to one Lucier, who agreed with Hansen to assume and to pay remaining notes at the bank. Lucier paid a number of the notes at the bank, and defaulted as to those still unpaid.

Plaintiff sued Hansen on the notes. The defense is novation. Defendant had verdict and judgment. Plaintiff brings error.

There is discussion in the briefs of Mr. Neureither's selling the garage as agent of his wife, the plaintiff. Record is otherwise. He alone is seller in the agreement. Hansen bought from him alone. Uncontradicted record is that notes were made payable to plaintiff because she had advanced money to her husband. But the decisive point is that the record fails wholly to establish two of the four elements necessary to novation, namely, the consent of all parties to the substitution based upon sufficient consideration and the extinction of the old obligation and the creation of a valid new one. The only evidence to establish these elements is that the substitute, Lucier, paid some of the notes. This is not sufficient.

"It is true that it has been held that it is not essential that the assent to, and the acceptance of, the terms of novation be shown by express words to that effect, but that the same may be implied from the facts and circumstances attending the transaction, and the conduct of the parties thereafter. Such consent, however, is not to be implied merely from the performance of the contract or the payment of money by the substitute, for that might well consist with the continued liability of the original party. *Illinois Car & Equipment Co.* v. *Wagon Co.*, 112 Fed. 737, 50 C. C. A. 504." *Harrington-Wiard Co.* v. *Blomstrom Co.*, 166 Mich. 276.

Verdict for plaintiff ought to have been directed as requested. Reversed, with costs to plaintiff. New trial granted.

North, C. J., and Fead, Fellows, Wiest, McDonald, Potter, and Sharpe, JJ., concurred.