FRIGIDAIRE SALES CORP. *v.* POSPESHIL.

1. SALES—CONDITIONAL SALES—FRIGIDAIRE—RETAINING TITLE—RE-
   CORDING CONTRACT—STATUTES.

   Provisions of 2 Comp. Laws 1929, § 9550, requiring recording of
   conditional sales contracts where purchaser is engaged in busi-
   ness of buying and selling personal property so purchased, is
   applicable to conditional sale of Frigidaire, where seller knew
   that purchaser was engaged in business of building and selling
   houses.

2. SAME—REPLEVIN—RESALE.

   Seller of Frigidaire on conditional sales contract to one known by
   it to be engaged in business of building and selling houses was
   not entitled to recover in replevin against purchaser of house,
   where contract was not recorded (2 Comp. Laws 1929, § 9550).

Appeal from Wayne; Smith (Guy E.), J., pre-
siding. Submitted January 8, 1932. (Docket No. 88,
Calendar No. 35,857.) Decided April 4, 1932. Re-
hearing denied June 6, 1932.

Replevin by Frigidaire Sales Corporation, a for-
eign corporation, against Joseph Pospeshil for elec-
tric refrigerating equipment sold under a title-
retaining contract. Judgment for defendant. Plain-
tiff appeals. Affirmed.

*Joslyn, Joslyn & Joslyn (Bruce G. Booth,* of coun-
sel), for plaintiff.

*Harry H. Wachs (John Sklar,* of counsel), for
defendant.

CLARK, C. J. Plaintiff brought replevin for a
Frigidaire, and, from summary judgment in favor

of defendant, has appealed.    The article was sold to Claire B. Whitney on conditional sales contract, which is urged to be a chattel mortgage and void against the defendant, as it was not filed.

The writing here is similar to those involved in *Contractors Equipment Co.* v. *Reasner,* 242 Mich. 589; *Federal Com'l & Sav. Bank* v. *Internat'l Clay Machinery Co.,* 230 Mich. 33 (43 A. L. R. 1245), which were held to be agreements of conditional sale, and a like holding is made in this case.    See, also, *Nelson* v. *Viergiver,* 230 Mich. 38; *Burroughs Adding Machine Co.* v. *Wieselberg,* 230 Mich. 15.

Plaintiff sold the article to Whitney, who was engaged in building and selling houses.    It knew this to be his business, knew that it was usual to install refrigeration in the houses, and knew the article was to go into one of the houses.

Defendant, who purchased from Whitney the house so equipped, contends the writing void as to him because not filed under 2 Comp. Laws 1929, § 9550:

"9550.    Conditional sale of property for resale; written contract, filing, discharge. SECTION 1. Whenever any personal property is sold and delivered to any person, firm or corporation regularly engaged or about to engage in the business of buying and selling such personal property, with the condition affixed to the sale that the title thereto is to remain in the vendor of such personal property until the purchase price thereof shall have been paid, with the agreement express or implied, that the same may be resold, every such conditional sale in order for the reservation of title to be valid except as between the vendor and vendee shall be evidenced in writing and the written contract of every such conditional sale or a true copy thereof shall be filed

and discharged in the same manner as chattel mortgages are required to be filed and discharged.''

It is argued by plaintiff that Whitney was not engaged in buying and selling refrigeration as such, and therefore the statute does not apply. We think what was here done falls within the statute, that it was intended to cover such a transaction.

This statute was before the Federal court in *Re Mutual Motors Co.*, 260 Fed. 341. There the buyer was engaged in equipping and selling automobiles. He bought tires and rims on conditional sales contract, and used them in equipping the automobiles. It was contended there, as here, that the buyer was not engaged in the business of buying and selling tires and rims as such and that, therefore, the statute did not apply. On petition for reclamation of the property, the court held:

''The only other reason urged in support of the argument that this statute is not applicable to this case is that the bankrupt was not engaged in selling tires and rims as such. It was part of the regular business of the bankrupt to buy such accessories and sell the same to purchasers of automobiles as part of the necessary equipment. The business of the bankrupt falls within the definition of the statute and there is no merit in this contention.''

We think the Federal court reached the right conclusion, and we have like conclusion here.

Affirmed.

McDONALD, POTTER, SHARPE, NORTH, FEAD, WIEST, and BUTZEL, JJ., concurred.