### LAZERICK v ASSOCIATE INVESTMENT COMPANY

Ohio Appeals, 8th Dist, Cuyahoga Co

No. 17139. Decided July 3, 1939

Harry F. Glick, Esq., Cleveland, for appellant.

Spieth, Taggart, Spring & Annat, Cleveland, and H. K. Bell, Esq., Cleveland, for appellee.

## OPINION

By MORGAN, J.

This was an action for replevin in the Municipal Court of Cleveland, to recover possession of a 1937 Buick automobile. The court below found the right of possession in the defendant, from which judgment the plaintiff filed a notice of appeal on questions of law.

The court below, on request, made separate findings of fact and conclusions of law. The court found that the plaintiff, on or about April 18, 1938, purchased from one Steve Cordas, a dealer doing business as Kinsman Super-Service, a 1937 Buick automobile for which the plaintiff traded in his Pierce-Arrow automobile and executed and delivered to Cordas a note and chattel mortgage in blank and also an application in blank for a certificate of title for the Buick automobile.

The Pierce-Arrow automobile was delivered to Cordas and the Buick automobile to the plaintiff.

A certificate of title for the Buick automobile was issued by the Clerk of Courts of Cuyahoga County, showing title in the plaintiff and reciting a lien thereon to the defendant in the amount of $478.80. The certificate of title was delivered to the defendant as lienholder as required by the certificate of title law, and a memorandum certificate was delievered to the plaintiff.

In the early part of May, 1938, the plaintiff examined the note and mortgage in defendant's possession, and advised the defendant that the signatures on the note and mortgage were not his signatures; that the amount of the note was larger than the amount that he had agreed with Cordas to pay, and that he would not recognize or pay the note held by the defendant.

The note held by the defendant gave it the right to repossess the automobile on any default in payments and upon the plaintiff's default and his refusal to pay the note and mortgage, defendant took possession of the automobile and the plaintiff brought this action in replevin in the Municipal Court of Cleveland to recover possession.

The court below found as facts that the signatures on the note and mortgage purchased by the defendant were not the signatures of the plaintiff; that he did not authorize anyone to execute said instruments for him, and that his name was written thereon without his knowledge or his consent.

In addition, the court found that the application for a certificate of title for the Buick automobile which was filed with the Clerk of Courts was in the same handwriting as the note and mortgage and was not signed or authorized by the plaintiff. The defendant purchased the note and mortgage relying on the certificate of title and had no notice of any defects or defense.

The court stated that there was a controversy between the plaintiff and Cordas as to the terms of their agreement but no findings were made thereon as the court considered the terms to be immaterial to the decision of the issues in the case. The record does not disclose what became of the application for a certificate of title and of the note and mortgage executed in blank by the plaintiff and by him delivered to Cordas.

While it was found as a fact that the signatures of the plaintiff to the note and mortgage were forged, the court held as a matter of law that inasmuch as the signature of the plaintiff had been forged to the application for a certificate of title, the application was "void because of forgery" and as a result, "the certificate of title" was not duly issued in accordance with the provisions of the chapter above referred to (§6290-4 and §6290-5, GC) and that this Court is precluded from recognizing plaintiff's claim and must therefore find for the defendant."

In his brief, and at the hearing in this court, counsel for appellant stated that in his opinion the conclusion of law by the Court below to the effect that the plaintiff must fail because the certificate of title was invalid, could not be sustained in view of the fact that the certificate had been duly issued by the Clerk of Courts of this County.

Defendant's counsel, however, strongly advanced the proposition that the plaintiff could not take any advantage of the certificate of title without assuming its burdens and inasmuch as the certificate showed on its face the defendant's lien in the form of a note and mortgage for $478.80, the plaintiff is not in a position to deny their validity.

It is our view also, that the Court below erred when it declared as a matter of law that the certificate of title in this action was invalid for the reason given. If this were true, then the note and mortgage held by the defendant could not possibly have any validity which, of course, is directly contrary to the position taken by the defendant.

The majority of this court has held, in this term, in the case of **Union Commercial Corporation v R. J. Schmunk Company**, No. 17103, decided June 26, 1939, (Terrell, PJ., dissenting) that a purchaser of value, without notice, of an automobile in this State after January 1, 1938, relying on a certificate of title showing no lien against it, will be protected against the prior claim of a citizen of New York to the same automobile based on an uncompleted conditional sales contract properly recorded in New York.

Counsel for the defendant is asking in this case that the Court hold that just as the certificate of title creates, as counsel puts it, "a conclusive presumption that it shows the exact status to the title of an automobile," so also everyone buying a mortgage on an automobile is entitled to rely on the terms of the mortgage as it appeared on the certificate of title.

To this proposition a majority of this court cannot subscribe. It is our view that the statement as to a lien appearing on the certificate of title to an automobile puts the world on notice of the claim of the lien but does not guarantee the accuracy of the statement or constitute conclusive proof of the validity of the lien.

If the note and mortgage were now held by Cordas who sold the Buick to the plaintiff, could it be successfully maintained that in litigation between the plaintiff and Cordas involving the right of possession of the automobile the former would not be permitted to prove the facts if he should deny signing the note and mortgage or should claim that the amount of the note ex-

ceeded the purchase price of the automobile? We think not.

If, in this case, the plaintiff had paid the full consideration for the automobile in cash, the principle contended for by the defendant would make it possible for a vendor of an automobile, by forging the signature of the purchaser to a note and mortgage and fraudulently obtaining for the purchaser a certificate of title bearing a notation of the lien, to dispose of the note and mortgage to a finance company which would, in such a case be protected for the full amount of its lien based on forged documents as against the claim of the purchaser who had paid the full consideration for the automobile in cash

Also, if in the instant case, payments had been made by the plaintiff on the note and mortgage held by the defendant, there would be nothing legally to prevent it from disposing of them for their full original amount to a purchaser having no notice of the payments who would have the right to rely on the notation on the certificate of title both as to the validity of the lien and as to the amount due on the note.

We can find nothing in the certificate of title law which requires or justifies any such claim. The law simply provides another method of recording a lien but it gives it no greater validity than it enjoys under the old recording acts where the law is well established.

23 Ruling Case Law, page 200:

"A void instrument cannot be recorded legally, and if recorded it will not be any protection as against the owner of the property; for the record is worth no more than the original instrument itself. So the recording of a deed does not operate as notice or affect the legal rights of the parties if it was forged or its execution was procured by trick or artifice."

Plaintiff admits that he has not paid the full purchase price of the Buick automobile so that there remains a balance owing by him to the vendor, or to the defendant herein; but this matter is not before us in this case.

We have one question to decide,—the right of possession of the Buick automobile as between the plaintiff and the defendant. On the one hand there has been issued by the Clerk of Courts a certificate of title showing title in the plaintiff; on the other hand, the claim of the defendant is based on a note and mortgage and we are bound by the finding of the court below that the signatures of the plaintiff thereon were forged and that he authorized no one to sign or execute them for him. On such a state of facts it seems clear to us that as between these parties the right of possession is in the plaintiff.

The judgment is therefore reversed and final judgment is entered for the plaintiff-appellant.

TERRELL, PJ., concurs.
LIEGHLEY, J., dissents.

## APPLICATION FOR REHEARING

No. 17139. Decided July 18, 1939

By MORGAN, J.

In the consideration given this case, we did not overlook the fact that the application for a certificate of title was not in the plaintiff's handwriting, and that the certificate of title showing title in the plaintiff had on it a notation of the lien of the defendant.

The question in the case is whether the plaintiff will not be permitted to assert the title given him by the certificate of title without compelling him at the same time to acknowledge the validity of the defendant's lien.

The plaintiff delivered to his vendor his Pierce-Arrow automobile, and did everything necessary to entitle him to the possession of the Buick automobile purchased by him, and to a certificate of title. Acquiring of the automobile by the plaintiff, as well as the sale by the vendor would have been illegal under §6290-3, GC, unless the purchase of the automobile had been accompanied by a certificate of title.

Whether the application for the certificate of title was signed by the plaintiff, or by his vendor, in our opinion makes no difference in this case. The plaintiff had placed himself in a position where he was entitled to the possession of the Buick automobile, accompanied by a certificate of title, and the plaintiff should be ■ permitted to have the benefit of the action of the vendor in securing for him a certificate of title to which he was entitled, without, at the same time, compelling him to ratify a forged note and mortgage.

We find no section of the certificate of title law applying to liens which correspond to §6290-4, GC, which protects the holder of the certificate of title in his ownership of the car.

As stated in our previous opinion, the notation of the lien served only as notice to those who might have dealings with the automobile in the future, and did not give any greater validity or effect to the lien than it otherwise would have possessed.

The plaintiff had put himself in a position where he was entitled to a certificate of title for this car and he should have it without being saddled with the obligation of a forged note and mortgage.