## MITCHELL, Bankrupt, In re.

IN THE DISTRICT COURT OF THE UNITED STATES FOR THE NORTHERN DISTRICT OF OHIO EASTERN DIVISION.

No. 68366. Decided October 18, 1951.

Marvin L. Gardner, Cleveland, for trustee.
John W. Dilgren, Elyria, for trustee.
Robert Merkle, Cleveland, for Michigan National Bank.
Milton M. Lang, Cleveland, for bankrupt.

## MEMORANDUM

By WOODS, Referee.

At Cleveland, in said District. on the 18th day of October, 1951.

This comes on for hearing on the Petition to Sell of Theodore R. Spilka, Trustee, to which an Answer and Cross-Petition was filed by the Michigan National Bank claiming that it has

a first and best lien on the house trailer sought to be sold by the trustee; that if the property is to be sold, all the amount received therefrom up to the amount due the bank, $3,090.64, should be paid to the said answering defendant on its lien.

The controversy concerns a glider house trailer purchased by the bankrupt from Roamer Trailer Mart in January of 1951, upon which bankrupt and his wife, Doris I. Mitchell, gave a chattel mortgage to C. W. Littlefield, doing business as Roamer Trailer Mart, for $3,418.25; and a certificate of title was issued to Pearl W. Mitchell by Leonard F. Fuerst, Clerk of Courts of Cuyahoga County, Ohio, on March 20, 1951, upon which there is a notation of said bank having a first lien as follows: "First Lien—Nature of lien, chattel; Amount, $3,418.25; Held by, Michigan National Bank; Holder's address in full, Grand Rapids, Mich.," signed by Leonard F. Fuerst, Clerk of Courts of Cuyahoga County.

The facts establish that the bankrupt resides at 35157 Center Ridge Road, which is across the line in Lorain County and not in Cuyahoga County where the certificate of title was issued. Evidence further shows that the trailer has been continuously in Lorain County following its purchase and before the issuance of the certificate of title by the clerk of Cuyahoga County.

The issue is whether the Michigan National Bank has a valid lien and prior claim to that of the trustee in bankruptcy. The trustee relies upon the Bankruptcy Act, Sec. 70 (c), for the basis of his claim that the lien claimed by the Michigan National Bank because of the certificate of title issued by the clerk of Cuyahoga County should have been issued in Lorain County being the residence of bankrupt, and because of this failure, the claimed lien is invalid. The statute provides:

Bankruptcy Act, Sec. 70 (c).

"* * * * The Trustee, as to all property in the possession or under the control of the bankrupt at the date of bankruptcy or otherwise coming into the possession of the bankruptcy court, shall be deemed vested as of the date of bankruptcy with all the rights, remedies, and powers of a creditor then holding a lien thereon by legal or equitable proceedings, whether or not such a creditor actually exists . . . ."

Section 70 (c) thus confers upon the Trustee "by force of law" the status of the ideal or "perfect" creditor, irreproachable and without notice armed with every right and power which is conferred by law of the State upon its most favored creditor. Such hypothetical status depends for meaning upon the substantive law which it does not explicitly indicate, but

which it incorporates by reference. Hence, the Trustee's powers in every case governed by this portion of Sec. 70 (c), are those which the State law would allow to a supposed creditor of the bankrupt, who had at the date of bankruptcy completed the process for the perfection of a lien upon property in the bankrupt's or the Court's possession. Whether a Trustee is entitled to such a status, and the conditions under which he may attain it, are Federal questions covered by the Bankruptcy Act, but the extent of the Trustee's rights, remedies and powers as a lien creditor, are measured by the substantive law of the jurisdiction governing the property in question—that is, in this case, the law of the State of Ohio. The foregoing follows a discussion of this subject in Collier on Bankruptcy, 14 Ed., Vol. 4, p. 1261 et seq. See also Remington on Bankruptcy, Vol. 4, Chap. XXX-A, Sec. 1599-1601.

Since the amendment by the Chandler Act of 1938, this section, which was formerly in Sec. 47a (2), is now recast as a part of Sec. 70c of the Bankruptcy Act, and is sometimes called the "strong arm clause in Sec. 70c." This right of the Trustee in the Bankruptcy Act, as so amended is discussed in Commercial Credit Company, Inc. v. Davidson, (C. A. 5-1940), 112 F (2) 54, 42 A. B. R. ns 688; Janey v. Bell (4 C. A. 5-1940), 111 F. (2) 103, 42 A. B. R. ns 20.

As was recognized by Judge Dobie in Janey v. Bell, supra, Ohio, among other states, has adopted a Certificate of Title Law, §6290-2 to 6296 GC, containing registration provisions which were recently amended by the last general assembly, effective May 20, 1951.

In many states this Motor Vehicle Code did not supersede mortgage lien statutes. The Ohio Code, as now in effect, §6290-9 GC, provides that the provision of §8560 to §8572 GC "shall never be construed to apply to or to permit or require the deposit, filing or other record whatsoever of a chattel mortgage, conveyance intended to operate as a mortgage, trust receipt, conditional sales contract, or other similar instrument made hereafter and covering a motor vehicle."

The present law as to the registration of motor vehicles in §6290-9 GC provides as to mortgage liens as follows:

"Any mortgage, conveyance, trust receipt, conditional sales contract, or other similar instrument made hereafter and covering a motor vehicle . . . .shall be valid as against the creditors of the mortgagor whether armed with process or not, and subsequent purchasers, mortgagees and other lienholders or claimants but otherwise shall not be valid against them . . . ."

Also, it should be noted that in the present law the term "motor vehicle" by §6290-2a GC for the purpose of the Motor

Vehicle Code includes a house trailer, and the Code also applies to a certificate of title for house trailers.

The particular section of the Motor Vehicle Code which concerns the transaction here is to be found in §6290-5 GC which is entitled "Application for certificate of title; duties of clerk of courts," and the language is as follows:

"Application for a certificate of title shall be made upon a form hereinafter prescribed by this chapter; and shall be sworn to before a notary public or other officer empowered to administer oaths; and shall be filed with the clerk of courts of the county in which the applicant resides if the applicant be a resident of this state or if not such resident, in the county in which the transaction is consummated; . . . . The Clerk of courts shall use reasonable diligence in ascertaining whether or not the facts in said application are true by checking the application and documents accompanying same with the records of motor vehicles in his office; and if satisfied that the applicant is the owner of such motor vehicle and that the application is in the proper form, the clerk of courts shall issue a certificate of title over his signature and sealed with his seal, but not otherwise."

Following the above sections appears §6290-13 GC entitled "Form of 'Certificate of Title,' 'memorandum certificate,' etc.," which recites that the certificate of title (to be issued by the clerk) shall be printed in the form which follows in the same section of the statute.

The form does have a blank for the **address** of the applicant, and nowhere in the form is it indicated whether the address given is the **residence** of the applicant or that he is a resident or non-resident of the State of Ohio. Thus, arises an open question and makes possible the controversy which has arisen as to the validity of the lien of the cross-petitioner, Michigan National Bank, in this proceeding, the fact that this bankrupt resides in Lorain County and the certificate of title is on file in Cuyahoga County.

It is elementary and axiomatic that where a statute has been enacted prescribing how a lien may be effected, that any party seeking to perfect such a lien must comply with the terms of the statute, i. e. to say as the courts hold the terms of the statute must be strictly complied with.

The Court of Appeals of Cuyahoga County in **Lazerick v. Associates Investment Co., 30 Abs, 112 (1939),** had before it a replevin case involving the right to possession of an automobile where the note and mortgage alleged to have been given by the owner had been forged. After seizure of the automobile by the mortgagee, the lower court held that re-

plevin would lie and the Court of Appeals reversed, which is one of the few reported cases involving the rights of parties under the Ohio Certificate of Title Law. In reversing the lower court, Judge Morgan said, p. 114:

"It is our view that the statement as to a lien appearing on the certificate of title to an automobile puts the world on notice of the claim of the lien but does not guarantee the accuracy of the statement or constitute conclusive proof of the validity of the lien."

And, later, in the same case, on an application for rehearing, Judge Morgan further said:

"As stated in our previous opinion, the notation of the lien served only as notice to those who might have dealings with the automobile in the future, and did not give any greater validity or effect to the lien than it otherwise would have possessed."

Thus, the rule seems to be that the statements contained in the certificate of title, and likewise in the application for certificate—as here the application stated that Mitchell, the bankrupt, resided in Cuyahoga County when he in fact resided in Lorain County—cannot be considered as controlling; and the effect of the notation of the lien noted on the certificate serves only as notice that such a lien is claimed. The validity of the lien, itself, is a matter to be determined by the courts on the basis of the actual facts in the event the certificate of the county clerk is in error or improperly issued. The Syllabus of the Court of Appeals is as follows:

Syll. 1. A statement as to a lien appearing on a certificate of title to an automobile puts the world on notice of the claim of the lien but does not guarantee the accuracy of the statement or constitute conclusive proof of the validity of the lien.

Syll. 2. The "certificate of title" law simply provides another method of recording a lien, but gives the lien no greater validity than it enjoys under the old recording acts, under which an instrument cannot be recorded legally, and if recorded, will not be any protection against the owner of the property.

The argument in the brief of the counsel for the Bank as lien claimant overlooks the fact that there is a failure to comply with the provisions of §6290-5 GC as to registering the title to the motor vehicle, i. e., here, a house trailer, bought by this bankrupt. The statute requires that the application for registration should be filed "with the clerk of courts of the county in which the applicant **resides** if the applicant be a resident of this state or if not such resident, in the county in which the transaction is consummated."

The proof shows that Mitchell, the bankrupt, was and is a resident of Lorain County; so, under the statute, that is the only county in which a certificate of title could properly be issued by the clerk of courts under the Ohio Motor Vehicle Registration Law. That Mitchell, as the applicant, or the clerk of courts in issuing the certificate of title, were in error cannot help this lien claimant, for the burden is upon it to establish its right as against a trustee in bankruptcy. Needless to say, the mortgage might be good between the bank and the mortgagor; but this cannot help the bank in its claim of lien against the trustee in bankruptcy.

The counsel for the Bank urges that the Trustee is estopped to contest the claim of the Bank as a lienholder. In this connection there is the language of Mr. Justice Douglas in Pepper v. Litton, 308 U. S. 295, 41 A. B. R. ns 279, where the High Court disallowed claims which had been put in judgment in a state court where he said:

"This court has held that a bankruptcy court has full power to inquire into the validity of any claim against the estate and to disallow it if it is ascertained to be without lawful existence."

In that case the claims had been reduced to judgment and were set aside. Here, only a mistake was made in applying for a certificate in the wrong county; so, there can be no merit in the argument that the trustee is estopped or that he should be prevented from showing the real facts as to the residence of the owner of the mortgaged trailer.

Prior to the enactment of the Motor Vehicle Registration Law in Ohio requiring filing with the clerk of courts of the county of residence of the owner, it was held that a chattel mortgage of an automobile bought in Michigan to be used in Ohio, which was filed in Michigan as required by the law of that state, did not effect a lien in favor of the mortgagee when the automobile was brought to Ohio where the owner resided. Such was the holding in Saunders of Ohio, Inc., Bankruptcy Case No. 19976, in this District, where this Referee so held, and no review was sought by the lien claimant. In that case lien was claimed by the mortgagee by virtue of §8560-1 GC; and under the rule of **Boyer v. Knowlton, 85 Oh St 104,** as adopted by the Sixth Circuit Court of Appeals in Potter Mfg. v. Arthur, Tr., 220 Fed. 843, 34 A. B. R. 75, the Referee followed such rulings. So, had there been no Motor Vehicle Registration Law as now obtains in Ohio, under the former law, there would have been no valid lien for the mortgage claimant on the facts and law in the present case.

The order will be entered granting the Trustee's Petition

to Sell and denying the Cross-Petition of the Michigan National Bank for lien, and allowing its claim as cross-petitioner as a general claim in the amount of $3090.64.

## JOURNAL ENTRY ON TRUSTEE'S PETITION TO SELL

By WOODS, Referee.

At Cleveland, in said District, on the 18th day of October, 1951.

This cause came on for hearing upon the Trustee's Petition to Sell and the Answer and Cross-Petition of the Michigan National Bank, and upon said hearing had and the briefs filed by counsel herein,

The Court finds that the bankrupt resided in the County of Lorain; that the mortgage of the Michigan National Bank was recorded in the County of Cuyahoga; that the bankrupt at no time resided in the County of Cuyahoga; that according to the provisions of Certificate of Title Laws and Statutes of the State of Ohio, §6290-2 to 6295 GC, it is required that the chattel mortgage and certificate of title be recorded in the county in which the mortgagor resides.

The Court further finds that the mortgage set forth in the Answer and Cross-Petition of the Michigan National Bank is void as to the Trustee in Bankruptcy because said mortgage was not recorded in Lorain County, the residence of the bankrupt as required by law of the state of Ohio.

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the mortgage of the Michigan National Bank on the glider house trailer as set forth in the Answer and Cross-Petition does not create a valid lien because said mortgage was recorded in Cuyahoga County and not Lorain County, which was the residence of the bankrupt, and that the petitioner, the Michigan National Bank, has a valid general claim against the estate in the sum of $3,090.64 as set forth in their Answer and Cross-Petition.

IT IS FURTHER ORDERED that the Trustee sell said trailer at public sale for the highest price obtainable, to all of which the cross-petitioner, Michigan National Bank, excepts.